## FIDELITY TITLE & TRUST CO. et al. v. HEINER, Collector of Internal Revenue.

District Court, W. D. Pennsylvania. March 22, 1929.

No. 3659.

John S. Wendt and Albert B. Graver, both of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.    This case comes before us on an affidavit of defense raising questions of law.

D. Herbert Hostetter made a return of his income taxes for the years 1922 and 1923; the executors of his estate made a return for the year 1924, Hostetter having died September 28, 1924.  The return was made on a cash basis, and included income from a certain building situated at the corner of Water and Ferry streets, in the city of Pittsburgh.

The Pittsburgh & West Virginia Railway Company furnished the Hostetter building with electric power and steam during the years 1922, 1923, and 1924, under contract. In February, 1925, it was discovered that there had been a mistake in the meter readings, and the railway company claimed that there was an additional amount due it on account thereof.  This claim was resisted by the executors of the estate, and an action was brought in the orphans' court of Allegheny county, Pa.  The executors defended the action, and claimed further that, if any amount should be found due the railway company, the estate was entitled to a credit for the additional income paid during the aforementioned years.  The orphans' court aforesaid, on June 3, 1926, entered a decree in favor of the railway company, and also decided in favor of the estate as to the set-off for income taxes.

The Hostetter estate, which has been fully administered, made a claim to the Commissioner of Internal Revenue for a refund of the taxes to which it had been given a credit by the orphans' court of Allegheny county. This claim was rejected, and subsequently the action in this case was brought by the executors of the Hostetter estate for the use of the Pittsburgh & West Virginia Railway Company.

The defendant, in his affidavit of defense raising questions of law, alleges that the plaintiffs are not entitled to recover, for the reason that it appears on the face of the Statement of Claim that the income tax reports were made on the basis of cash receipts and disbursements, and that the amount sought to be recovered in this action was a deduction allowable, (if at all) subsequent to the year 1924.

There was no overpayment of taxes for the years 1922, 1923, and 1924, so far as the facts in this case appear.  The taxpayer chose to make his return and to pay his taxes upon the basis of cash actually received and disbursed instead of upon the accrual basis.  The credits which he now seeks were not judicially determined nor actually paid until the year 1926; hence the credits claimed were not proper credits for the taxable years aforementioned.  Sanford & Brooks Co. v. Commissioner of Internal Revenue, 11 B. T. A. 452;  Consolidated Tea Co. v. Bowers (D. C.) 19 F.(2d) 382;  Jackson v. Smietanka (C. C. A.) 272 F. 970.  Even if plaintiff's position was correct, it would be necessary that it appear that the additional credit claimed for each year would have been paid that year, even if he had had knowledge thereof.  There is no such averment in the statement of claim.

The defendant also alleges that the plaintiffs are not entitled to recover, for the reason that it appears on the face of the statement of claim that no right of subrogation to the Hostetter estate could be exercised by the Pittsburgh & West Virginia Railway Company.  The legal plaintiffs in this case, the executors of the Hostetter estate, have no interest in the claim for refund of the taxes for which this action is brought, as they have received a credit therefor in the orphans' court, and the estate has been fully administered.  The claim for taxes is not assignable.  It is not a debt within the meaning of the subrogation laws. See Carleton Dry Goods Co. v. U. S. (1928) T. D., 4209, which is a decision by the District Court of the United States for the Eastern District of Missouri.

The affidavit of defense raising questions of law is sustained.