### PORTER et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 4224.

Circuit Court of Appeals, Third Circuit.

March 18, 1930.

Walter L. Sheppard and William C. Alexander, Jr. (of Foulkrod, Sheppard, Porter & Alexander), all of Philadelphia, Pa., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John G. Remey, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

WOOLLEY, Circuit Judge.

This case differs from that of Houston v. Commissioner (C. C. A.) 39 F.(2d) 351, mainly in procedure and in one issue of law arising from the procedure.

William W. Porter was one of the eleven directors of the Real Estate Trust Company of Philadelphia who, on its failure in 1906, raised among themselves a fund of $2,505,000 to restore its solvency. His contribution was $75,000. The fund was to be used for the purpose and be returned to the contributors as set forth at length in Houston v. Commissioner, supra. The Trust Company closed out the matter in 1920 and in January, 1921, William W. Porter received, as his part of the final settlement, 54 shares of the Pennsylvania Sugar Refining Company—the equivalent of money—of an agreed value of $150 per share.

Reckoned on cost at $75,000 in 1906 and a return of $8,100 in 1921, he sustained a loss of $66,900. He did not deduct the loss in his income tax return for 1921 but paid the tax under protest and filed a claim for its refund, which, on August 21, 1923, the Commissioner allowed. On February 23, 1926, however, the Commissioner disallowed as a deduction the loss previously allowed, and determined against the taxpayer a deficiency tax for the year 1921 in the sum of $7,268.60, assigning the following reason:

"In a recent decision made by the Solicitor of Internal Revenue, with respect to the Real Estate Trust Company transaction, it is held that no deductible loss was incurred by any of the directors of such company, and the former ruling in your favor is revoked."

From this belated determination of a deficiency tax, William W. Porter appealed to

the United States Board of Tax Appeals which sustained the Commissioner. The case comes here for review on the petition of William W. Porter's executors, eight years after payment of the tax under protest, seven years after a claim for its refund had been allowed, four years after the Commissioner reversed his decision and disallowed the deduction, and two years after the taxpayer's death, a situation which, we venture to say, justifies our comment in McIlhenny v. Commissioner, 39 F.(2d) 356.

There are really only two questions or groups of questions involved in this case. The first is the same group of questions raised and decided in Houston v. Commissioner; the second is:

Where a taxpayer has paid a tax, and the Commissioner of Internal Revenue has allowed a claim for its refund, may the Commissioner on the same facts change his decision and determine a deficiency because of a different opinion as to the legal significance of the facts?

The decision in Houston v. Commissioner rules the first question in favor of the petitioners and the decision in McIlhenny v. Commissioner rules the second question against them.

The order of redetermination by the United States Board of Tax Appeals is reversed, the additional tax determined by the Commissioner set aside and his action allowing a refund of the tax approved.