CENTRAL BANK BLOCK ASS'N, v. COMMISSIONER OF INTERNAL REVENUE.
No. 6217.

Circuit Court of Appeals, Fifth Circuit.
April 1, 1932.

6

W. A. Sutherland, Joseph B. Brennan, and Sanders McDaniel, all of Atlanta, Ga., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and John MacC. Hudson, Sp. Assts. to the Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and R. N. McMillan, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

In 1922, the petitioner, through an agent, made a lease of its property for a period of fifty years, beginning in 1925, at a stipulated annual rental, which increased with each successive five year period. As compensation for services in negotiating the lease, petitioner agreed to pay the agent a total commission of $21,118.67, and, in accordance with the agreement, made payments to the agent as follows: $1,118.67 in 1922, $10,000 in 1923, and $10,000 in 1924. In its returns for the years 1922, 1923, and 1924, the petitioner deducted from its gross income the above-mentioned amounts paid to the agent in those years, respectively. The respondent, the Commissioner of Internal Revenue, disallowed the deduction of $10,000 from the income of 1924. The deductions taken by petitioner for the years 1922 and 1923 have not been disallowed, and, so far as appears, have not been brought into question. On petitioner's application for a redetermination of the deficiencies for the years 1924 and 1925, the Board of Tax Appeals approved the disallowance of the deduction of $10,000 from petitioner's gross income for 1924, and allowed a deduction of one-fiftieth of that amount from petitioner's gross income for 1925. The action of the Board of Tax Appeals is before us on the taxpayer's petition for review.

The payment of the $10,000 by the petitioner in 1924 was an expenditure made in acquiring the right to the rentals payable under the lease during the term of fifty years beginning in 1925. Such an outlay made in 1924 to secure the enjoyment of income in subsequent years cannot reasonably be considered to be an expense in carrying on trade or business in 1924, within the meaning of the provision, contained in both the Revenue Act of 1924 and the Revenue Act of 1926, § 234 (26 USCA § 986 (1), allowing the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including," etc. That outlay reasonably may be regarded as either the investment of the amount paid in connection with the acquisition by the lessor of the benefits resulting from the making of the lease, or as the payment in 1924 of business expenses which are attributable to the subsequent years covered by the lease. If that outlay is considered to be an investment in an asset, a deduction from the taxpayer's income in 1925 and in the subsequent years during the term of the lease was allowable for the exhaustion or depreciation of the asset. If that outlay is considered to be a payment of business expenses attributable to the years covered by the lease, a deduction based on that payment would be allowable in each of those years—in any year only so much of the amount of that expense as is properly attributable to that year being deductible from the gross income for that year, as a spreading or prorating of the amount of the outlay over the term of the lease would be required truly to reflect annual income during that term. 26 USCA § 986 (1, 7); Duffy v. Central R. R., 268 U. S. 55, 45 S. Ct. 429, 69 L. Ed. 846; Galatoire Bros. v. Lines (C. C. A.) 23 F.(2d) 676; Bonwit Teller & Co. v. Commissioner of Internal Revenue (C. C. A.) 53 F.(2d) 381.

In effect, the allowance of the above-mentioned deduction was an allocation to the first of the fifty years covered by the lease of one-fiftieth of the amount of an expenditure made by the lessor to enable it to acquire the benefits of the lease. The record does not show that the amount of that deduction was substantially less than the amount properly allowable as a deduction based on that expenditure. It was not shown or found in what part of the year 1924 the petitioner made the payment to the agent. Nothing contained in the record negatives the conclusion that that payment was made on the last day of the year 1924. In the absence of a showing or finding as to the time which elapsed between the date of the payment of the $10,000 and the date of the taking effect of the allowed deduction, there

is no basis for increasing the amount of the deduction by adding interest or an amount as compensation for the delay in the petitioner getting the benefit of the allowed deduction based on the expenditure in question. The question as to the effect on the amounts which properly may be allowable as deductions in years subsequent to 1925 of the lapse of time between the date of the payment of the $10,000 and the dates of deductions based on that expenditure is not presented by the record in this case. That question is not now to be decided because it is not presented for decision by the record before us.

For reasons indicated, we conclude that the above stated action of the Board of Tax Appeals was not erroneous. The petition is denied.