## TONNINGSEN et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6603.

Circuit Court of Appeals, Ninth Circuit.

Sept. 6, 1932.

J. S. Wallace and Adolphus E. Graupner, both of San Francisco, Cal., for petitioners.

G. A. Youngquist, Asst. U. S. Atty. Gen., Sewall Key and F. Edward Mitchell, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and William E. Davis, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

December 31, 1923, petitioners, husband and wife, executed a 99-year lease of property owned by them in the city and county of San Francisco and gave to their lessees an option to purchase the demised property within a certain time. January 3, 1924, petitioners paid to the real estate brokers who negotiated the lease the sum of $21,333 as a commission, consisting of $10,000 cash and the right to remove from the demised premises a building of the then market value of $11,333. In their joint income tax return for the calendar year 1924, filed on the cash receipts and disbursements basis, petitioners deducted from their gross income $21,333, the amount paid as a commission to the brokers who negotiated the aforesaid lease. May 12, 1928, respondent notified petitioners that their tax return for the calendar year 1924 disclosed a deficiency of $5,152.41. This deficiency was arrived at by allowing a deduction of only $215.48, representing one-ninety-ninth of the $21,333 commission deducted from gross income by the taxpayers. The determination of the respondent was affirmed by the Board of Tax Appeals, and this appeal is prosecuted from the decision of the Board, holding that the commission paid by petitioners was a capital expenditure, deductible in aliquot parts during the term of the lease, and not deductible in a lump sum as an ordinary and necessary expense of carrying on business for the year, as provided in section 214 (a) (1) of the Revenue Act of 1924 (43 Stat. 269 [26 USCA § 955]).

The question presented by the facts of this case is precisely the same as one of the questions considered and decided by this court in Young v. Commissioner, 59 F.(2d) 691, filed June 24, 1932, namely: Is an amount paid as a commission for effecting a 99-year lease deductible from gross income in the tax return for that year, or is such amount a capital expenditure to be deducted ratably over the term of the lease? The facts in the Young Case, pertaining to dates, procedure followed, etc., are practically the same as in this case. In the Young Case we held that such an expense was properly amortized over the term of the lease; and that decision is controlling here.

However, a further argument, not considered in the Young Case, is presented here, namely, that the claimed deduction was authorized by ruling I. T. 1171 (C. B. I–1, 117) of the Bureau of Internal Revenue, promulgated under the Revenue Act of 1921 (42 Stat. 227), which provided: "The Commission paid by the lessor to a broker for negotiating a long term lease should not be prorated over the term of the lease but constitutes a proper deduction in computing net income for the year in which paid or accrued."

This ruling was revoked by I. T. 2263 (C. B. V–1, 66), promulgated in 1926. It was therefore in effect at the time the lease in question was executed and at the time the petitioners filed their income tax return and paid the original tax for the year 1924. I. T. 2263, however, was made applicable to the Revenue Act of 1924, and accordingly, as above stated, petitioners were notified by respondent of a deficiency in their tax return for the year in question.

The argument advanced as to the appli-

cability of I. T. 1171 to the tax return in question is answered adversely to petitioners by the settled rule that the Commissioner is not precluded by a previous determination from a re-examination and redetermination of tax liability. See McIlhenny v. Commissioner (C. C. A. 3) 39 F.(2d) 356, and Porter v. Commissioner, 39 F.(2d) 360, same court, both approved in Burnet, Com'r, v. Porter, 283 U. S. 230, 51 S. Ct. 416, 75 L. Ed. 996; Bonwit Teller & Co. v. Commissioner (C. C. A. 2) 53 F.(2d) 381, certiorari denied, 284 U. S. 690, 52 S. Ct. 266, 76 L. Ed. 582.

Decision affirmed.