## ATWELL v. UNITED STATES.
### No. M–331.

Court of Claims.
Nov. 14, 1932.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

Wilton H. Wallace, of Washington, D. C. (Colladay, McGarraghy, Pettus & Wallace and M. D. Hanley, all of Washington, D. C., on the brief), for plaintiff.

Lisle A. Smith, of Washington, D. C. and Charles B. Rugg, Asst. Atty. Gen., for the United States.

WHALEY, Judge.

The material facts in this case, as alleged in the petition, and as admitted by the defendant's demurrer, are:

In 1928, the plaintiff, E. Belle Atwell, was joint owner with her brother, Edwin L. Brand, Jr., of certain real estate in the city of Chicago, and as such joint owner of said property was engaged in the business of renting it. In that year, the plaintiff paid $10,250 to her real estate broker for services in securing a lease covering a term of ninety-nine years. This sum was disbursed by plaintiff in cash within the taxable year, and, in computing taxable net income, was deducted by her as expenses incurred in business.

On March 15, 1929, the plaintiff filed her individual income tax return for the calendar year 1928 and paid to the collector of internal revenue the tax shown due thereon in the sum of $3,991.26. The Commissioner of Internal Revenue thereafter audited the return and determined an additional tax liability for said year in the amount of $1,319.96, which sum, with interest of $133.51, or a total sum of $1,453.47, was paid by the plaintiff on December 5, 1930. The additional tax was based upon an increase in taxable net income, as determined by the Commissioner, of $10,250 which represented the commission paid to her broker during the taxable year in securing the aforesaid ninety-nine year lease, all of which sum plaintiff claimed as a deduction in her return in determining her net taxable income for 1928. This deduction was disallowed by the Commissioner, who allowed in lieu thereof one ninety-ninth of the $10,250 or $103.54, on the ground that the commission paid constituted a capital expenditure and not an ordinary business expense, and should be, therefore, prorated over the term of the lease.

On December 12, 1930, the plaintiff filed a claim for refund of $1,453.47, plus inter-

est, basing said claim upon the contention that the entire sum of $10,250 constituted a proper deduction for the taxable year 1928. This claim for refund was rejected by the Commissioner of Internal Revenue on May 15, 1931. Plaintiff kept her books and filed her income tax returns upon the cash receipts and disbursements basis.

The issue here presented is whether the plaintiff-lessor is entitled to deduct in 1928, in its entirety, the sum of $10,250 paid by her to her broker for the services in procuring a ninety-nine year lease, or whether the taxpayer must prorate said deduction over the period of said lease.

It is the position of the government that the total amount paid must be deducted for tax purposes over the ninety-nine period, in equal annual installments; it is the contention of the taxpayer that the amount so paid is an ordinary and necessary expense and deductible in its entirety in computing net income in the year in which it was paid.

The question whether the commission paid a broker for negotiating a long-term lease is deductible as an ordinary and necessary expense from income for the year in which it is paid, or a capital expenditure to be amortized over the period of the lease, has been before the Board of Tax Appeals on numerous occasions and before the courts on three occasions only. In the early consideration of this question, the Board of Tax Appeals held that it was an ordinary and necessary expense to be deducted from income in the year in which it was paid. Robert H. McNeill, 16 B. T. A. 479; Olinger Corporation, 9 B. T. A. 170. Following these two decisions, the Board, in considering the case of Bonwit Teller & Co. v. Commissioner, 17 B. T. A. 1019, expressly overruled the McNeill Case, supra, and following this case the board considered the case of Julia Stow Lovejoy v. Commissioner, 18 B. T. A. 1179, and expressly overruled the Olinger Case, supra. Subsequently, the board had before it numerous other cases involving this question, and in each instance reaffirmed its decision in the Bonwit Teller & Co. Case, supra, and the Julia Stow Lovejoy Case, supra. See S. M. Clawson v. Commissioner, 19 B. T. A. 1253; Roby Realty Company v. Commissioner, 19 B. T. A. 696; James M. Butler v. Commissioner, 19 B. T. A. 718; Mary C. Young et al. v. Commissioner, 20 B. T. A. 692; Evalena M. Howard v. Commissioner, 19 B. T. A. 865; Central Bank Block Association v. Commissioner, 19 B. T. A. 1183; E. N. Webb v. Commissioner, 20 B. T. A. 274; 550 Park Avenue Corporation v. Commissioner, 20 B. T. A. 288; Blanche B. Burley v. Commissioner, 26 B. T. A. 615; Estate of George B. Leonard Holding Corporation v. Commissioner, 26 B. T. A. 46.

See, also, United Profit-Sharing Corporation v. United States, 66 Ct. Cl. 171.

This same question was considered by the District Court for the Southern District of New York in Daly v. Anderson, 37 F.(2d) 728, and it was held by that court that the commission could be deducted in the year in which it was paid, and was not a capital expenditure. However, when this case was decided, the McNeill Case, supra, had not been overruled by the Board of Tax Appeals, nor had the Bonwit Teller & Co. Case been considered by the Circuit Court of Appeals. After the decision in the Daly v. Anderson Case, the Circuit Court of Appeals affirmed the Bonwit Teller & Co. Case, 53 F.(2d) 381, and recently the Circuit Court of Appeals for the Fifth Circuit, 57 F.(2d) 5, has affirmed the findings of the Board of Tax Appeals in the Central Bank Block Association Case, supra. In this case the Board of Tax Appeals held: "The total amount of commissions paid by petitioner to its agent for services in procuring a lease contract, whereby it leased its property for a period of 50 years, should be spread ratably over such period and not deducted as an expense in the years in which paid, notwithstanding petitioner was on a cash receipts and disbursements basis."

From these numerous decisions, it must be considered settled law that commissions paid to real estate agents in obtaining long term leases are not ordinary and necessary operating expenses to be deducted in their entirety from gross income for the year in which paid, but they should be treated as a capital expenditure and carried over the period of the leases.

The demurrer is sustained, and the petition is dismissed. It is so ordered.