## MEYRAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4894.

Circuit Court of Appeals, Third Circuit.
March 3, 1933.

J. Henry O'Neill and H. V. Blaxter, both of Pittsburgh, Pa., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Norman D. Keller, J. Louis Monarch, and Francis H. Horan, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John H. Pigg, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is a petition to review an order of redetermination of the Board of Tax Appeals involving income taxes for the years 1926 and 1927. The petitioner, Meyran, owned certain real estate in Pittsburgh, Pa. During 1926 he entered into contracts leasing the properties for a term of fifty years, and in 1926 and 1927 he paid commissions and fees to a real estate broker and attorney for services in obtaining the contracts.

The petitioner reported his income for 1926 and 1927 on the basis of cash receipts and disbursements, and deducted in his returns the commissions and fees as ordinary and necessary business expenses incurred in the respective years in which the payments were made to the broker and attorney. The Commissioner of Internal Revenue disallowed the deductions as business expenses on the ground that they were capital expenditures to be returned to the petitioner over the life of the leases. The Board refused to disturb the Commissioner's determination.

The only question here is whether or not the broker's commissions and counsel fees are deductible as business expenses for the years involved or over the period of the life of the lease. The petitioner contends that fees and commissions paid in obtaining a long-term lease are ordinary and necessary business expenses, and in his case, having made his income tax returns on the basis of cash receipts and disbursements, are deductible in the years in which they were paid. He admits that, if the accrual basis were used, the payments would be carried on the books and prorated over the term of the lease as deferred charges merely as a matter of bookkeeping and not because they were considered capital expenditures.

After some indecision, the Board of Tax Appeals has uniformly treated such payments as capital expenditures without regard to the basis of bookkeeping used and reported upon by the taxpayer. M. & F. Holding Corporation v. Commissioner, 26 B. T. A. 504; Burley, Executrix, v. Commissioner, 26 B. T. A. 615.

This view has been followed by several of the Circuit Courts of Appeals and by the Court of Claims. Bonwit Teller & Company v. Commissioner, 53 F.(2d) 381 (C. C. A. 2); Central Bank Block Association v. Commissioner, 57 F.(2d) 5 (C. C. A. 5); Young v. Commissioner, 59 F.(2d) 691 (C. C. A. 9); Tonningsen v. Commissioner (C. C. A.) 61 F.(2d) 199; Atwell v. United States (Ct. Cl.) 1 F. Supp. 720, 721.

In all these cases, except Bonwit Teller & Company v. Commissioner, the taxpayer kept its books of account and filed its returns on the cash receipts and disbursements basis. As the Court of Claims said in the Atwell Case: "From these numerous decisions, it must be considered settled law that commissions paid to real estate agents in obtaining long term leases are not ordinary and necessary operating expenses to be deducted in their entirety from gross income for the year in which paid, but they should be treated as a capital expenditure and carried over the period of the leases."

In fact it makes no difference what basis of accounting the taxpayer uses, and the petitioner has given no good reason why it should. The commissions and fees are part of the cost of acquiring, or exchanging properties, which are exhaustible capital assets, and so are capital expenditures.

The order of the Board of Tax Appeals is affirmed.