### COMMISSIONER OF INTERNAL REVENUE v. CHICAGO DOCK & CANAL CO.

### CHICAGO DOCK & CANAL CO. v. COMMISSIONER OF INTERNAL REVENUE.

Nos. 5649, 5650.

Circuit Court of Appeals, Seventh Circuit. June 9, 1936.

Frank J. Wideman, Sewall Key, Norman D. Keller, and Francis I. Howley, all of Washington, D. C., for Commissioner of Internal Revenue.

Albert L. Hopkins, Harry B. Sutter, and Peter L. Wentz, all of Chicago, Ill. (Hopkins, Sutter, Halls & De Wolfe, of Chicago, Ill., of counsel), for Chicago Dock & Canal Co.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

The Chicago Dock & Canal Company (hereinafter referred to as the company) is an Illinois corporation, having its principal place of business in the city of Chicago. Pursuant to authority granted in its charter it has acquired, and now owns, approximately 48 acres of land near the mouth of the Chicago river, east of Michigan boulevard, in the city of Chicago, upon which it has erected valuable improvements consisting of docks, wharves, piers, etc. The sole business of the company, since its incorporation, has been that of leasing its docks, wharves, etc., having at no time operated them as such.

The company was assessed by the city of Chicago in the sum of $65,149 for alleged benefits to its property resulting from the widening of La Salle street. It contended, however, that it was in no manner benefited by such improvement and employed attorneys to represent it in an action to contest the question. In order that its position might be properly presented to the court it was necessary to employ the services of an expert witness to testify in this case. As a result of this litigation, the county court of Cook county, Ill., reduced the amount of the assessment to $22,-

286.46, and eliminated the entire assessment as to one lot owned by the company. For the services of the attorneys the company paid the sum of $8,886.70, and for the services of the expert witness the sum of $600 was paid, making a total of $9,486.70 paid during the taxable year in question for such services. Both on its books, and in its income tax return, the company treated such expenditure as an ordinary and necessary expense for that year and deducted the entire amount from its gross income for that period, which deduction was disallowed by the Commissioner. The Board of Tax Appeals held it as an ordinary and necessary expense for that year and permitted its deduction from the gross income, from which decision the Commissioner has petitioned this court for review, such petition being docketed herein as cause No. 5649.

During the fiscal year ended April 30, 1928, the company had 65 leases in operation from which it received a gross rental for that period amounting to $361,237.28. It maintained no large staff during the fiscal year in question—the year ended April 30, 1928—having in its regular employ only night watchmen. Its officers received no compensation, and its directors were paid only for the meetings actually attended by them. Tenants for its properties are procured generally through the real estate agency of Ogden, Sheldon & Co. However, in many instances, other real estate agencies have procured tenants and have received a commission for such services. It has also been necessary in some instances to employ attorneys to prepare leases, and they have been paid by the company for the services rendered. During the fiscal year in question a valuable forty-year lease was executed by the company to the Chicago Tribune Company on a portion of its property. The tenant under this lease was procured by a real estate agency other than Ogden, Sheldon & Co., and the lease was prepared by attorneys who were paid for their services. Brokerage commissions and attorneys' fees in the total sum of $23,452.16 were paid such real estate agency and attorneys during that year for the procuring and preparing of such lease. In accordance with its usual practice the company carried such amount on its books and included it in its income tax return as an ordinary and necessary business expense, and deducted the same from its gross income for that year. The Commissioner refused to allow this amount

as an ordinary and necessary business expense for that year, but held that it was a capital expenditure pro ratable over the term of the lease. In other words, the Commissioner permitted a deduction of approximately $586.30 per year for a period of forty years—the term of the lease. As the lease had been in existence only four months during the taxable year in question, a deduction of $195.43 was allowed for that period. The Board of Tax Appeals sustained the ruling of the Commissioner upon this question, and the company petitioned this court for a review of the Board's decision upon that issue, and such petition is docketed herein as cause No. 5650.

The separate petitions in causes numbered 5649 and 5650 were consolidated by order of this court entered on November 26, 1935.

The question presented in cause No. 5649 is whether the company is entitled to deduct from its gross income for the fiscal year ended April 30, 1928, as an ordinary and necessary business expense for that year, the sum of $9,486.70, being the total amount paid for attorneys' fees and expert witness fees in contesting the amount of the assessment for the widening of La Salle street in the city of Chicago.

The Revenue Act of 1928 provides, in part, as follows:

"§ 23. In computing net income there shall be allowed as deductions:

"(a) *Expenses.* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered." 26 U.S.C.A. § 23 (a) and note.

The widening of La Salle street was done by the city of Chicago, and not by the company. The city contended that the improvement thus made benefited the property of the company to the extent of $65,149, and an assessment in that amount was consequently levied. However, it was the contention of the company that its property was not benefited by such improvement. In order that this question might be adjudicated, it became necessary to resort to legal proceedings, which, of necessity, required the employment of attorneys to properly present the case. The nature of the question involved also required the services of an expert qualified to testi-

fy as to the extent of the benefits, if any, derived by the company from the improvement in question. The result of the litigation justifies the conclusion that the position of the company as to the extent of the benefits, was, at least, well founded. For the expenditure of the sum of $9,486.70 it reduced the assessment for this improvement from $65,149 to $22,286.70. The benefit to the property was the amount of the assessment paid. The fact that the company is not required to pay attorneys' fees or expert witness fees each year does not mean that such fees, when required to be paid, may not be "ordinary and necessary expenses" for that year. The amount of the assessment paid represents additional capital investment. The attorneys' and witness fees were not paid for the purpose of defending the title to the real estate, but were paid solely to test the validity of an assessment made by the city involuntarily, in so far as the company is concerned. See Welch v. Helvering, 290 U. S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; A. Harris & Co. v. Lucas (C.C.A.) 48 F.(2d) 187. The Board correctly decided that these expenditures were an ordinary and necessary business expense and as such were deductible from the company's gross income for the taxable year in which such payments were made.

In cause No. 5650 the question presented is whether the company is entitled to deduct from its gross income for the fiscal year ended April 30, 1928, as an ordinary and necessary expense of its business for that year, the sum of $23,-452.16, being the total amount paid for brokerage commissions and attorneys' fees in the procuring and preparing of a forty-year lease upon a portion of its property leased to the Chicago Tribune Company and expended during that year, or whether it is a capital expenditure and should be allocated over the term of the lease.

The question here presented has been before courts many times and has been decided adversely to the contention of the company. It is the contention of the company in the instant case, however, that its sole business is that of making leases, and that, therefore, the brokerage commissions and attorneys' fees necessarily incurred for that purpose should be an ordinary and necessary business expense, and should be deducted from the gross income of the company during the year in which such expenditures are made. It may be conceded that the company receives its income from rentals received from its various tenants under leases executed by it. In the instant case it became necessary for the company to pay commissions and attorneys' fees for the procurement and preparation of the lease in question. The income, however, to be received by the company, by virtue of the terms of the lease, extends over the entire life of the lease, which is forty years. This court, in a similar case, that of Griffiths v. Commissioner of Internal Revenue, 70 F.(2d) 946, 947, decided that the cost of a long time lease should be pro rated over the entire term of the lease, saying: "There is unquestionably much of merit in the position of the taxpayer—that such a cost should not be spread equally over the entire ninety-nine years, but in view of the numerous decisions (Home Trust Co. v. Commissioner, 65 F.(2d) 532 (C.C.A.8); Meyran v. Commissioner, 63 F.(2d) 986 (C.C.A.3); Tonningsen v. Commissioner, 61 F.(2d) 199 (C.C.A.9); Central Bank Block Ass'n v. Commissioner (C.C.A.) 57 F.(2d) 5, we believe it is a matter for legislative relief rather than for a court to arbitrarily determine how the expense of negotiating a long time lease should be distributed." See, also, Spinks Realty Co. v. Burnet, Commissioner, 61 App.D.C. 321, 62 F.(2d) 860; Young v. Commissioner of Internal Revenue, 59 F.(2d) 691 (C.C.A.9); Bonwit Teller & Co. v. Commissioner of Internal Revenue, 53 F.(2d) 381, 82 A.L.R. 325 (C.C.A.2), certiorari denied Bonwit Teller & Co. v. Burnet, 284 U.S. 690, 52 S.Ct. 266, 76 L.Ed. 582. We see no merit in the contention of the company that, because of the fact that it has a large number of leases, a different rule should apply. The Board of Tax Appeals properly decided that the amount paid in brokerage commissions and attorneys' fees should be allocated over the entire period of the lease.

The decision of the Board of Tax Appeals is affirmed.