## RENWICK et al. v. UNITED STATES.

### No. 5930.

Circuit Court of Appeals, Seventh Circuit.

Dec. 16, 1936.

Rehearing Denied Jan. 20, 1937.

124

I. F. Sweeney and Wm. C. Atten, both of Chicago, Ill., for appellants.

Maurice J. Mahoney, of Washington, D. C., Robert H. Jackson, Asst. Atty. Gen., J. Louis Monarch, and S. E. Blackham, Sp. Assts. to Atty. Gen., and Michael L. Igoe, U. S. Atty., of Chicago, Ill., for the United States.

Before SPARKS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

LINDLEY, District Judge.

Appellants are trustees of a trust known as the Michigan Avenue Syndicate, admittedly an association within the meaning of that word as used in the income tax law, and lessors in a lease made in June, 1924, to F. W. Woolworth Company for certain property on Michigan avenue in Chicago for the period of 99 years, beginning May 1, 1928, ending April 30, 2027. The rental provided in the lease was $17,575,000, payable $100,000 upon the execution thereof; $45,000 on January 1, 1925; similar amounts on January 1, 1926, and January 1, 1927; on the 1st of January, 1928, $15,000; and the balance in monthly installments of $14,583.33, beginning with the first day of the term, May 1, 1928. The sums due and payable prior to the commencement of the lease were received by appellants, and against same disbursements were made to the beneficiaries of the trust. Appellants made no return of the moneys thus collected in their income tax reports, nor did they deduct from their income sums paid as commissions to brokers in negotiating the lease, in the amounts $20,000 in 1924, $15,000 in 1925, and $33,000 in 1926.

The commissioner, upon review of the returns, held that the advance rentals received by appellants prior to the commencement of the term, represented taxable income for the years when received, and that the disbursements for commissions were not allowable deductions for the years in which they were paid but should be amortized over the entire 99-year period. Accordingly he assessed additional taxes upon this basis. Appellants made the payments required by the assessment and brought suit in the District Court to recover the same as improperly collected. The District Court found that the appellants were not entitled to recover and this appeal followed.

In the District Court appellants admitted that the advance payments represented income and agreed that the question to be decided was as to the period for which the same were taxable. Consequently the District Court assumed that the advance payments were income and held that they were properly taxable for the years in which they were received.

The case having been tried by the court without a jury, it seems apparent that appellants should not now be allowed to rely upon a different theory. General Utilities Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154; Bovay v. Fuller, 63 F.(2d) 280 (C.C.A.8).

Upon consideration of the facts, however, it is apparent that the advanced rentals were income in the full sense of the word. They were payments of rental upon a lease covering a period of years. Whether amortization should be allowed against them is a question for the Congress. If a taxpayer receives earnings upon property under a claim of right and without restriction as to its disposition, he has received income for which he is required to account, North American Oil Consol. v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197; and when the books of the taxpayer are kept on a cash basis as

to receipts and disbursements, the return must be made upon the same basis. This is the essence of the cash basis system and in direct contrast with the accrual method. Eckert v. Burnet, 283 U.S. 140, 51 S.Ct. 373, 75 L.Ed. 911; United States v. Mitchell et al., 271 U.S. 9, 46 S.Ct. 418, 70 L. Ed. 799; Fidelity Title & Trust Co. v. Heiner (D.C.) 34 F.(2d) 350; Ford v. Commissioner, 51 F.(2d) 206 (C.C.A.6), certiorari denied 284 U.S. 666, 52 S.Ct. 41, 76 L.Ed. 564; Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Clemmons v. Commissioner, 54 F.(2d) 209 (C.C.A.5).

Appellants rely upon Towne v. Eisner, 245 U.S. 418, 38 S.Ct. 158, 62 L.Ed. 372, L.R.A.1918D, 254, and Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, saying that if a stock dividend is not taxable, advance payments likewise should be free of tax. Those cases held that a stock dividend payable in the same class of stock represents no increase in capital; that by the declaration of such a dividend the interest of the stockholder in the corporate assets is not modified. These opinions are distinguished in the recent case of Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L. Ed. 1268, 105 A.L.R. 756, where it was held that dividends paid in common stock to a holder of preferred stock constituted taxable income, pointing out that the interest of the taxpayer in the corporate assets, after the receipts of such dividends, differs from that formerly held. If the reasoning of either of the first two cases can be considered applicable to the instant case, it is apparent that the latter is more nearly in point. Here the association received advance earnings under the lease in cash, purely as income.

Appellants' contention that the commissions paid for securing the lease should be deducted exclusively from the income for the years in which they were paid was before this court in Griffiths v. Commissioner, 70 F.(2d) 946, and there rejected. As said there, it seems unfair to a taxpayer to permit for the first year a deduction of only 1/99 of commissions. The court indicated sympathy with the position of the taxpayer that the cost should not be spread equally over the entire 99 years, but concluded that the situation required legislative relief and that the court could not determine arbitrarily how the expense of negotiating a long time lease should be

distributed. See, also, Home Trust Co. v. Commissioner, 65 F.(2d) 532 (C.C.A.8); Meyran v. Commissioner, 63 F.(2d) 986 (C.C.A.3); Tonningsen v. Commissioner, 61 F.(2d) 199 (C.C.A.9); Central Bank Block Ass'n v. Commissioner (C.C.A.) 57 F.(2d) 5; Atwell v. United States (Ct.Cl.) 1 F.Supp. 720; Spinks Realty Co. v. Burnet, 61 App.D.C. 321, 62 F.(2d) 860.

The judgment of the District Court is affirmed.