## TWIN OAKS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12386.

United States Court of Appeals
Ninth Circuit.

July 20, 1950.

Herman Phleger, Theodore R. Meyer, Alvin J. Rockwell, San Francisco, Cal., Carl E. Davidson and Ralph R. Bailey, Portland, Ore. (Brobeck, Phleger & Harrison, San Francisco, Cal., of counsel), for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, George D. Webster and Howard Locke, Sp. Assts. to The Atty. Gen., for respondent.

Before MATHEWS, BONE and LINDLEY*, Circuit Judges.

LINDLEY, Circuit Judge.

This is a petition to review a decision of the United States Tax Court sustaining the assessment of income taxes against the corporate petitioner for the years 1941–44 inclusive.

Prior to January, 1941, the Petitioner had, for many years, been engaged in the purchase and sale of builders' materials. During all this period the business had been managed by Rogers, who, with 473 shares of the corporate stock, was the corporation's principal stockholder, and Scharpf, who held 35.3 shares and whose wife owned the remaining 437.7 shares. In January, 1941, after the corporation had for some time realized unsatisfactory profits, pursuant to a plan suggested by Scharpf and, after some opposition, agreed to by Rogers, the latter and his wife and Scharpf and his wife executed a partnership agreement whereby the four, as equal partners, were to take over the business of the corporation, purchasing its operating assets and leasing from it the real estate on which the business had been and was then being conducted. The two men were to continue to manage the business; each was to receive an annual salary of $6,600 in addition to one-fourth of the partnership profits; their wives were to furnish lesser services for which they were to receive salaries of $300 per annum each.

Petitioner, in consideration of the assumption by the partnership of the corporation's accounts payable and of the partnership's promissory note in an amount which, added to the liabilities assumed, equalled the book value of the petitioner's assets other than real estate, transferred to the partnership all its assets except the premises on which the business had been and was thereafter to be conducted, which land it leased to the partnership for an annual rental of $3000. Each of the four partners contributed $2000 in additional capital. Petitioner caused its corporate name to be changed from Twin Oaks Builders Supply Company to Twin Oaks Company, and the partnership, after registration with proper public authorities, engaged in business under the name by which petitioner had formerly been known. The corporation and the partnership thereafter maintained different and separate sets of books, records and bank accounts.

In the years 1941–44, petitioner's income, duly reported, included only (1) the rent received from the partnership under the lease, (2) the interest paid by the partnership on its note, and (3) a few petty miscellaneous items. The Commissioner asserted tax deficiencies against the corporation on the theory that the partnership had been created solely as a device improperly to effectuate reallocation of in-

---

* Judge of the Seventh Circuit, sitting with the Ninth Circuit by special designation.

come among family groups to defeat taxes and, hence, that the profits of the partnership, reported in the individual returns filed by Rogers and Scharpf and their wives, were properly taxable to petitioner. A single-judge Tax Court sustained the deficiency assessments, agreeing with the Commissioner that the creation of the partnership and the transfer to it of petitioner's operating assets had been "forms without substance" which were not entitled to recognition, in so far as taxes were concerned.

It is, as the Tax Court observed, well settled that a taxpayer is free to adopt such legal organization for the conduct of his affairs as he may choose; he may convert from the corporate method to the partnership method of doing business and, though his motive in so doing be to reduce taxes, the conversion must be accorded recognition unless it is such a sham, such a change in form only, without substance, as to require that it be disregarded for tax purposes. Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. It seems clear to us, however, that the Tax Court, in its characterization of the change in business structure involved in the instant case as a sham and a mere form without substance, has, in effect denied the taxpayers the legal right to conduct their business affairs through a medium of their own choice.

There can be no doubt that it was the intent of the parties that the partnership should thereafter conduct the supply business which, prior to the formation of the partnership, had been conducted by petitioner; that the partnership was actually formed; that petitioner's stockholders were, as members of the partnership, subjected to unlimited personal liability not only for the old corporate debts but also for any which might grow out of the operation of the business thereafter by the partnership, in place of the limited liability to which they had previously been subject, and that the profits of the business were not thereafter distributed among the partners in proportion to their respective holdings of stock in the corporate petitioner. These changes, all made without thought of or intent to achieve tax advantages[1], were, we think, far more than mere changes in form. The Tax Court felt that the fact that profits were distributed in a different manner and in different proportions, but to the same people, indicated that the changes were formal only. The logic of this position escapes us, for it ignores the reality of the conversion from corporate to partnership operation of the business and tends in no way to show that the corporation, rather than the partnership, earned the income.

It seems obvious that if petitioner's affairs had been completely liquidated, the income in question would necessarily have been regarded as earned by the partnership. The mere fact that the parties stopped one step short of liquidation, i.e., kept the corporation alive for the sole purpose of holding title to the real estate, while selling and transferring the operating business itself to the partnership, does not, we believe, detract from the reality or substance of what was done or require that all the income of the business be taxed to petitioner. As a matter of fact, the decision of the Tax Court itself, in such cases as Seminole Flavor Co., 4 T.C. 1215; Buffalo Meter Co., 10 T.C. 83; and Miles-Conley Co., 10 T.C. 754, would seem to impel a decision that the partnership was entitled to full recognition for tax purposes even though the corporation continued to exist and to function in a rather close relationship with it. The Tax Court sought to distinguish these cases by saying that the businesses involved therein were capable of being broken down into distinct divisions, whereas the builders supply business was "unitary in character," but it certainly could be and was easily separated from the real estate and was thereafter conducted solely by the partnership.

We conclude that the Tax Court erred in sustaining the Commissioner's deficiency assessments against petitioner. The decision is reversed.

1. Increased corporation taxes, including excess profits taxes, did not come into existence until Congress later so provided.