OPINION. Arundell, Judge: We find no merit in the respondent’s contention that the partnership formed by petitioner’s majority stockholders was a sham and that its income should be attributed to the petitioner for tax purposes. There is sufficient evidence to establish that the partnership was a bona fide business organization, in substance as well as form, which should not be ignored for tax purposes. Respondent recognizes the well-established principle that a taxpayer' may adopt any form of doing business that he chooses and is not required to conduct his business affairs in the form most advantageous to the revenue. Higgins v. Smith, 308 U. S. 473; Seminole Flavor Co., 4 T. C. 1215. The partnership was formed for a legitimate business purpose. Cf. Buffalo Meter Co., 10 T. C. 83. Vermilya, a majority stockholder and president of the petitioner corporation entrusted with the managément of its operating activities, desired greater freedom of action, especially since it became increasingly apparent that two of the remaining majority stockholders would be called into military service and would, therefore, be unable to devote much time to the petitioner’s affairs. Also, he thought the secrecy restrictions surrounding petitioner’s activities could best be complied with under a partnership form of business. In addition, the two minority stockholders disapproved of the corporation engaging in military operations relating to the C. A. P. program. The majority stockholders agreed to form a partnership, embodied that agreement in written articles of partnership, transferred the operating activities of the petitioner to the partnership, left the leasehold interests in the two airports with the petitioner, and conducted the partnership as a going concern. Cf. Twin Oaks Co. v. Commissioner, 183 F. 2d 385. The transfer of the operating activities and the retention of the leaseholds was a natural division of the petitioner’s interdependent activities. Cf. Buffalo Meter Co., supra. The partnership functioned as an entire separate economic entity and operated independently of the petitioner. There was a complete shift of economic interests in the operating assets, the petitioner’s inventories were sold to the partnership, and Lantana Airport was subleased to it, all for a fair consideration which reflected arm’s length dealing. Cf. Buffalo Meter Co., supra. The partnership assumed a trade name different from that of the petitioner; was registered under the fictitious name statute of Florida; used invoices, bills and letterheads bearing the partnership name, and openly dealt as a partnership; maintained separate books of account and separate bank accounts which reflected the business transactions by the partnership and the income it earned. Cf. Denning & Co. v. Commissioner, 180 F. 2d 288. The partners rendered services to the partnership and as members subjected themselves to unlimited personal liability. Cf. Twin Oaks Co. v. Commissioner, supra. In view of these facts and other evidence submitted by the petitioner, it is our considered view that the partnership was a bona fide business organization established for legitimate business purposes and operated independently of the petitioner. It, therefore, should be recognized for tax purposes. Section 22 (a), Internal Revenue Code. Twin Oaks Co. v. Commissioner, supra; Buffalo Meter Co., supra; Seminole Flavor Co., supra; Denning & Co. v. Commissioner, supra. On brief, the respondent argued alternatively that “the partnership income was properly allocated to petitioner under section 45, Internal Revenue Code.” The notice of deficiency does not state or indicate that the respondent made his determination under section 45 of the Code,[1] and the pleadings were not amended to invoke the application of that section. Cf. Could-Mersereau Co., 21 B. T. A. 1316. Moreover, section 45 authorizes the Commissioner only to “distribute, apportion, or allocate gross income or deductions.” The Commissioner has not done this. Instead, he has combined the net income of the partnership with the net income reported by the petitioner and has determined a deficiency on the basis of the income that resulted. We have held that such a combining or consolidating of net income by the Commissioner is not authorized by section 45. Chelsea Products, Inc., 16 T. C. 840 (on appeal, C. A. 3). For these reasons, the respondent’s determination cannot be sustained. The respondent asserted the 25 per cent delinquency penalty prescribed by section 291 of the Code against the petitioner for failure to file an excess profits tax return, Treasury Department Form 1121, for the taxable year 1943. However, the respondent on brief agrees that the petitioner is not liable for excess profits tax in 1943, if, as we have held, the partnership income is not attributed to fhe petitioner. Therefore, there being no tax due, there is no penalty for failure to file the return. F. Hunt Lowry, 11 B. T. A. 409. The respondent in his pleadings alleged that the entire advance rental in the amount of $50,000 received by the petitioner from Gulf Oil Corporation during the years 1946 to 1948 was taxable income in 1946, but on brief concedes that only $39,287.07, the sum received in 1946, constitutes taxable income in that year. The petitioner does not deny the well established rule that prepaid rent which, as hete, is received under a present claim of full ownership and subject to the lessor’s unfettered control, is taxable income upon receipt. Gilken Corp., 10 T. C. 445, affd. 176 F. 2d 141; Hirsch Improvement Co. v. Commissioner, 143 F. 2d 912, certiorari denied 323 U. S. 750; Astor Holding Co. v. Commissioner, 135 F. 2d 47; Renwick v. United States, 87 F. 2d 123; Commissioner v. Lyon, 97 F. 2d 70, but nevertheless argues the payments are not taxable income because they were applied to the cost of constructing a hangar to which it never at any time had title. Hence, argues the petitioner, it received no benefit from the payments. We find no merit in the petitioner’s argument. The sums paid by the Gulf Oil Corporation to the petitioner were paid as rental pursuant to the agreement entered into with the petitioner. The fact that the petitioner saw fit to use the sums to finance the construction of a hangar cannot change the fact that they constituted rental income when received. We, therefore, hold that the sum of $39,287.07 received from the Gulf Oil Corporation in 1946 was taxable income to the petitioner in that year. Oillcen Gorp., supra; Hirsoh Improvement Co. v. Commissioner, supra; Astor Holding Co. v. Commissioner, supra; Renwick v. United States, supra; Commissioner v. Lyon, supra. Decision will be entered under Rule 50. SEC. 45. 'ALLOCATION OF INCOME AND DEDUCTIONS. In any ease of two or more organizations, trades, or businesses (whether or not Incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Commissioner is authorized to distribute, apportion, or allocate gross income or deductions between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses. Section 128- (b) of the Revenue Act of 1943 amended section 45 of the Code by striking out the words “gross[1] income or deductions” and inserting in lieu thereof “gross income, deductions, credits or allowances.” This amendment was effective with respect to taxable years beginning after December 31,1943. Section 128 (c), Revenue Act of 1943.