**IDAHO LIVESTOCK AUCTION, INC.,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 2167.**

United States District Court
D. Idaho, E. D.
July 1, 1960.

876

Ralph L. Albaugh, Idaho Falls, Idaho, Russell E. Smith, Missoula, Mont., for plaintiff.

Ben Peterson, U. S. Atty., Kenneth G. Bergquist, Asst. U. S. Atty., Scott W. Reed, Asst. U. S. Atty., Boise, Idaho, J. J. Kilgariff, Washington, D. C., for defendant.

FRED M. TAYLOR, District Judge.

This action was instituted by the plaintiff to recover income and excess profit taxes paid to the Director of Internal Revenue for the District of Idaho pursuant to deficiency assessments determined by the Commissioner of Internal Revenue for plaintiff's fiscal years beginning September 17, 1950, and ending March 31, 1955. Jurisdiction is based on 28 U.S.C. § 1346(a) (1).

Prior to the period in dispute a partnership existed known as the Idaho Livestock Auction Company. It was engaged in the general livestock business. As part of its business it conducted a marketing operation which primarily consisted of selling livestock at a public auction on a commission basis. It also engaged in country trading which involved the purchase and sale of livestock in the country. The income from the country trading operation, as opposed to the set commission of the marketing operation, was of a speculative nature, depending upon the ability of the partners to buy livestock at a price lower than what might eventually be obtained for them upon resale. Out of this partnership the two business organizations involved in this action were developed.

On August 31, 1950, the plaintiff corporation was organized under and pursuant to the laws of the State of Idaho. The plaintiff acquired all of the assets of the above partnership in exchange for capital stock. The said partnership was then comprised of S. R. Spencer, Floyd E. Skelton, and M. R. Skelton who, in addition to possessing all of the plaintiff's stock, were also the elected president, vice-president and treasurer, respectively, and sole directors of the plaintiff corporation. As compensation for the services rendered to the plaintiff, each of these officers was to receive an annual salary of sixteen and two-thirds per cent of the plaintiff's net profits.

On April 1, 1951, these same men organized a new partnership known as the Skelton-Spencer Trading Company which took over the country trading operation. The plaintiff corporation continued with its marketing operation. The reasons given for this division of the business were enumerated in the agreement establishing the new partnership. (Plaintiff's Exhibit No. 1.) They were:

"(1) Criticism by the Packers and Stockyard Administration because of the combination of country trading and the operation of an auction company in one enterprise;

"(2) An expansion in the volume of credit necessary to finance the country trading operation, which, because of the combination of the two in one enterprise, resulting in a financial involvement of the auction operation;

"(3) Personal difficulties as between auction personnel and trading personnel."

Thus out of the old Idaho Livestock Auction Company, a partnership, the plaintiff corporation and the Skelton-Spencer Trading Company, a partnership, were formed. Each business conducted an operation formerly combined in the old partnership, and both entities were controlled by the same men. A separate tax return was filed by each entity.

The Commissioner of Internal Revenue, on or about July 27, 1958, determined that the Skelton-Spencer Trading Company was not a bona fide partnership recognizable for tax purposes, and therefore combined its income with that of plaintiff's, taxing plaintiff on the total. He further determined that the salaries paid by the plaintiff to its officers were unreasonable and fixed salaries lower than what had been paid by plaintiff and deducted from its income as an ordinary and necessary business expense. Certain other comparatively minor deficiencies were also noted. As a result of these determinations the Commissioner assessed the plaintiff $367,060.89 as income and excess profit tax deficiencies for the period beginning September 17, 1950, and

ending March 31, 1955. This amount was paid by the plaintiff and it now seeks a refund.

The parties agreed in the pre-trial conference order and briefs that there are only two main issues, to-wit: (1) did the Commissioner err in combining the partnership's income with that of the plaintiff's for tax purposes; and (2) were the salaries paid by plaintiff to its officers reasonable. These issues were tried before the Court without a jury. In lieu of oral argument the parties elected to submit briefs, and the Court took the matter under advisement.

The trial lasted for two days. Plaintiff consumed the majority of this time with its numerous witnesses and introduction of several exhibits. No witnesses were called by the defendant. Its case consisted of the introduction of a few exhibits over approximately a ten minute period. Upon cross-examination of plaintiff's witnesses the defendant failed to discredit their testimony in any manner. Plaintiff's witnesses were men with considerable experience in the livestock business. They testified with candor and their testimony was probable and convincing. It was wholly in favor of plaintiff's position.

■■ The Commissioner's action in combining the partnership's income with the plaintiff's income for tax purposes was allegedly authorized by Section 45 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 45 (Section 482 of the 1954 Code, 26 U.S.C.A. § 482). This section provides that where two or more business organizations are controlled by the same interests, the Commissioner may distribute, apportion or allocate gross income between them in order to prevent tax evasion or to clearly reflect the income of such business organizations. It is evident that this section was enacted to prevent tax evasion by the shifting of profits between businesses controlled by the same interests. Upon the application of this section by the Commissioner, the taxpayer has the burden of proving that the Commissioner's determination was arbitrary and that its situation is not one to which the statute applies. The Commissioner is not justified in applying the section where the businesses in question are separate and distinct entities with legitimate business purposes, and where, even though controlled by the same interests, they transact business between themselves at "arms length". See, Simon J. Murphy Co. v. Commissioner of Internal Revenue, 6 Cir., 1956, 231 F.2d 639; Twin Oaks Co. v. Commissioner of Internal Revenue, 9 Cir., 1950, 183 F.2d 385; Ross v. Commissioner of Internal Revenue, 5 Cir., 1942, 129 F.2d 310; Buffalo Meter Co. v. Com'r, 1948, 10 Tax Ct. 83; Miles-Conley Company, Inc. v. Com'r, 1948, 10 Tax Ct. 754; Seminole Flavor Co. v. Com'r, 1948, 4 Tax Ct. 1215.

■■ The Court finds from the record that the plaintiff corporation and the Skelton-Spencer Trading Company, the partnership, are, and were during the period in question, separate and distinct entities with legitimate business purposes. The country trading operation as carried on by the partnership and the marketing operation as conducted by the plaintiff is a natural division of business in the livestock industry. The Court finds that from the time these two operations were separated and conducted by the plaintiff and the partnership, the dealings between them were conducted at arms length. The plaintiff conducted its business with the partnership in the same manner as it did with the numerous other country traders who used its market. At all times subsequent to this division the books and records, kept by their joint bookkeeping department, reflected the financial position of each. The income derived from these respective businesses was readily ascertainable and was attributed to the business which legitimately earned it. From these findings of fact it is the opinion of the Court that the Commissioner erred in adding to the plaintiff's income the income of the partnership. Section 45 of the Internal Revenue Code of 1939 (Section 482 of the 1954 Code) is not applicable to plaintiff's situation.

The Commissioner likewise erred in determining that the salaries paid by the plaintiff corporation to its officers were unreasonable. Section 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a) (1) (A) (Section 162 (a) (1) of the 1954 Code, 26 U.S.C.A. § 162(a) (1)) provides in part that in computing net income there shall be allowed as a deduction a reasonable allowance for salaries for personal services actually rendered. Here the salaries of plaintiff's officers were computed on the basis of sixteen and two-thirds per cent of the annual net profit. During the period in question this computation provided an average yearly salary of approximately $31,500 for each officer. This amount, of course, fluctuated, depending upon plaintiff's profit for the year which in turn depended upon the market, and ability and industry of its officers.

██ What constitutes a reasonable salary is a question of fact. Hoffman Radio Corp. v. Commissioner of Internal Revenue, 9 Cir., 1949, 177 F.2d 264; Mayson Manufacturing Co. v. Commissioner of Internal Revenue, 6 Cir., 1949, 178 F.2d 115. The Court finds that the basis upon which these officers were paid was set by them as they in fact controlled the plaintiff corporation. Yet, the record discloses, and the Court finds, that these officers actually earned the amounts they set and were paid for their services. These officers worked from twelve to fourteen hours a day, seven days a week, devoting the majority of this time to plaintiff's business. Over the years they established, and now maintain, a livestock market which ranks among the highest in the nation. This feat was accomplished in an unnatural environment which was substantially devoted to farming and not the raising of livestock. Its success is attributed to the exceptional ability and character of these officers. Experienced livestock men who were thoroughly acquainted with plaintiff's operation and the ability of the officers testified that in their opinion the salaries derived from the percentage of plaintiff's profit were reasonable if not conserva-

tive. The Commissioner offered no evidence to rebut this convincing testimony. It is therefore the opinion of the Court that the salaries paid by the plaintiff to its officers were reasonable and were consideration for services actually rendered. The Commissioner erred in not allowing plaintiff's deductions for these salaries as provided by Section 23(a) (1) (A) of the Internal Revenue Code of 1939 (Section 162(a) (1) of the 1954 Code).

According to the foregoing it is the opinion of this Court that judgment be entered in favor of the plaintiff and against the defendant, and that plaintiff be awarded such amounts as may be determined by the parties pursuant to the pre-trial conference order.

Counsel for the plaintiff shall prepare Findings of Fact, Conclusions of Law, and a proposed Judgment, serve copies of the same on Counsel for the defendant, and submit the originals to the Court.