## UNION BED & SPRING CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 4249.

Circuit Court of Appeals, Seventh Circuit.
March 29, 1930.

O. R. Folsom-Jones, of Washington, D. C., for petitioner.

Morton K. Rothschild, of Baltimore, Md., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

The question presented is whether petitioner is entitled to a deduction of $31,058.54 from the 1920 income on account of a loss sustained within that year due to the voluntary removal or demolition of its building incident to remodeling such property.

The statutes and Treasury regulations relative which are involved in this question are as follows:

Revenue Act of 1918, c. 18, 40 Stat. 1057, 1077, 1080, 1069:

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise; * * *"

"Sec. 235. That in computing net income no deduction shall in any case be allowed in respect of any of the items specified in section 215."

"Sec. 215. That in computing net income no deduction shall in any case be allowed in respect of— * * *

"(b) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. * * *"

Regulation 45, Treasury Department (1920):

"Art. 142. * * * When a taxpayer buys real estate upon which is located a building which he proceeds to raze with a view to erecting thereon another building, it will be considered that the taxpayer has sustained no deductible loss by reason of the demolition of the building, and no deductible expense on account of the cost of such removal, the value of the real estate, exclusive of old improvements, being presumably equal to the purchase price of the land and building plus the cost of removing the useless building."

The Treasury regulation has the force and effect of law unless it is in conflict with express statutory provision. Maryland Casualty Co. v. United States, 251 U. S. 342, 40 S. Ct. 155, 64 L. Ed. 297.

There is no controversy over the facts. It is admitted, and the Board so found, that petitioner in good faith purchased the property, paying therefor the full value, and basing that value upon the fact that the building could be made fit for petitioner's use by making certain limited repairs, estimated to cost not more than $16,000, exclusive of the cost of the heating plant. After the purchase was made and the money paid, a further inspection developed the fact that other and more extensive remodeling would be necessary. This was done at an actual cost of $129,465.21. The cost of the building when completed was $374,965.21, but its value was only $307,000. These are admitted facts and found by the Board to be true. Here was a clear loss of $67,965.21, and respondent has charged it to petitioner's capital account. This loss was not caused by petitioner making an erroneous estimate upon the repairs first contemplated; if so, it might with good reason be charged to capital; but it was caused by making additional necessary repairs, which were not contemplated at all when the purchase price was paid.

Respondent further claims that it is not a closed transaction—that the loss cannot be accurately determined until the property is sold, and it may sell for a sufficient amount to cover the loss. On the other hand, it is hardly fair to compel petitioner to depend upon such an uncertain contingency. It may never arise, and in that event petitioner would be but poorly paid for the loss which it has most certainly sustained. This loss can be fairly accurately determined now, and it should, in all fairness, be adjusted if the law permits.

Petitioner is not claiming credit for the entire loss, but for only the value of the property actually destroyed, based on 1920 valuation, less depreciation and salvage. We think this is the proper method of computation, and quite as fair as attempting to allocate the purchase price to the demolished parts, which would be very difficult indeed, if not impossible.

Unless precluded by Treasury regulation 45 from claiming the loss as a credit, we think petitioner is clearly entitled to it under the statute. The statute and the regulation are to be construed together, and, if there be a conflict, the regulation must give way. We think, however, that there is no conflict, and that the regulation raises nothing more than a rebuttable presumption. If it raises more, then there is a sharp conflict. In that event the regulation would presume that the value of the property with the parts demolished would be equal to the purchase price, which is contrary to the uncontradicted evidence. Thus we would have a situation coming clearly within the statute, and the statute inoperative by reason of the regulation, which the law will not countenance.

We think the true test, in this and in similar cases, is the intention of the taxpayer. If he intends, at the time of purchase, to demolish and rebuild, then the cost of so doing must be considered as part of capital investment, which is consistent with the statute and the regulation. But if, at the time of purchase, he does not intend to repair, or intends to repair or change but partly, and after the deal is made he decides to make changes and repairs other than those first contemplated, and in so doing he sustains a loss, he is brought within the terms of both the statute and the regulation, for the presumption raised by the regulation is overcome by the facts.

We think this construction is fully supported by the authorities cited by both petitioner and respondent. We mention two only, as the others adhere to the same principle. Respondent cites the case of Liberty Baking Co. v. Heiner (D. C.) 34 F.(2d) 513. In this case it was admitted that taxpayer, at the time of purchase, intended to make the improvements in question, and the cost was properly charged to capital investment. Petitioner cites the case of Winter Gardens, Inc., v. Commissioner, 10 B. T. A. 71. In that case taxpayer purchased a restaurant, with no intention, as it said, of repairing the property. It occupied the premises three days and then made repairs. The Board allowed it credit as a loss, and we think quite properly. In commenting on this case counsel for respondent attempts to distinguish it from the instant case by the fact of the three days' occupancy. We think this fact was not directly controlling in that case. It seems to us that the Board was trying to arrive at taxpayer's intention, and the occupancy was merely an evidentiary fact from which the Board determined it. If petitioner here had occupied its building for three days the cases would be parallel; but in this case the Board was not compelled to resort to collateral facts to prove intention. The evidence was direct, conclusive, and uncontradicted, and the Board found that petitioner, at the time it purchased the premises, had no intention of making all changes and repairs that were made.

The order of the Board of Tax Appeals is reversed, and the cause is remanded, with direction for further proceedings not inconsistent with this opinion.