## ANAHMA REALTY CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 325.

Circuit Court of Appeals, Second Circuit.

May 5, 1930.

Martin Taylor, Wm. Dickinson Hart, and Horace N. Taylor, all of New York City (Nathaniel T. Guernsey, Martin Taylor, and Horace N. Taylor, all of New York City, of counsel), for appellant.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant, a New York corporation, files this appeal from an order of redetermination of its income and excess profits taxes for the year 1920, by the Board of Tax Appeals, entered May 31, 1929.

In 1913, the principal stockholder of the appellant acquired five lots of land with buildings thereon in New York City, and on one of these the building was immediately removed and replaced with a modern building at a cost of $115,000. The other buildings were altered and rented for commercial uses. He allocated part of the purchase price of these properties to buildings, and, except in the case of the building constructed by him and on which he had actual cost figures, appraised the values. In his income tax returns for 1914 and 1915, he claimed a depreciation of 25 per cent. per year on the cost figures, and this was disallowed, but depreciation on his cost figures at the rate of 2⅓ per cent. per year was allowed. The depreciation thus fixed by the Commissioner resulted in a depreciated cost for the buildings as of January, 1920, of $250,099.30; the cost of the lots on which they were located was $2,795,-964.73—a total of $3,046,064.03.

On January 30, 1920, this stockholder conveyed to the appellant the property referred to for a consideration of $3,046,064.03; the valuations being stated on the basis of the cost of the buildings to him, less depreciation as allowed by the Commissioner, and the value of the land as stated. A considera-tion was paid to this stockholder by the assumption by appellant of a mortgage of $2,-265,000 then incumbering the property, and the payment of the balance in cash.

At the time of the conveyance, the buildings on the property were under lease to various tenants, and appellant continued to lease them to such tenants and realized income therefrom until May, 1920, when it leased these properties to the Heckscher Building Corporation for a term of twenty-one years, renewable for an additional twenty-one years at the option of either party and, at the option of the lessee, for a third term of twenty-one years. At the same time, there was a building and loan agreement executed with the corporation whereby it was agreed that the buildings on the property be destroyed and there be erected thereon a twenty-four story office building, and the appellant agreed to loan the lessee a sum not to exceed $3,250,000. It was agreed that the lessee was entitled to salvage from the old buildings. The annual rent was $250,000 for the first seven years, $275,000 for the next seven years, and $200,000 for the last seven years. In the event of renewal, the annual net rent for the building was $260,000, for the ground $300,000, or such other sum as might be fixed by arbitration. The buildings were demolished in June and July, 1920, and a new building erected thereon. The buildings when demolished were assessed by the city of New York, for the purpose of taxation, at $204,000. In 1920, the petitioner wrote off as a loss on its books $250,099.30, the value of the demolished buildings, and claimed a deduction in its income and profits tax return. The Board sustained the Commissioner in disallowing it.

The Revenue Act of 1918, c. 18, § 234(a)(4), 40 Stat. 1077, allows a deduction for loss sustained during the taxable year and not compensated for by insurance or otherwise; and section 215(b) provides that, in computing net income, no deduction shall in any case be allowed in respect of any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. The Treasury Department, in Regulation 45, provided in the case of voluntary removal of buildings that, "when a taxpayer buys real estate upon which is located a building which he proceeds to raze with a view to erecting thereon another building, it will be considered that the taxpayer has sustained no deductible loss by reason of the demolition of an old building and no deductible expense on

account of the cost of such removal, the value of the real estate exclusive of old improvements, being presumably equal to the purchase price of the land and buildings plus the cost of removing the useless building." The buildings were demolished as part of the plan to erect a new building on the entire plot. The long-term lease of the land with the rentals as stated was a valuable asset to take the place of the demolished buildings. The conveyance for a term of years to the lessee had for one of its prime purposes the razing of the building and the erection of a new and valuable building on the land.

Regulation 45, as quoted, has been a Treasury Regulation under the Revenue Act of 1921 (Reg. 62, art. 142), 1924 (Reg. 65, art. 142), and 1926 (Reg. 69, art. 142). It is not in conflict with express statutory provision, and has the force and effect of law. Maryland Casualty Co. v. United States (1920) 251 U. S. 342, 40 S. Ct. 155, 64 L. Ed. 297. In Liberty Baking Co. v. Heiner (1930) 37 F.(2d) 703 (C. C. A. Third Circuit), a similar question was presented. There property purchased had buildings thereon, which were demolished to make way for new buildings, and the court held that Regulation 45, which it found legally promulgated, sustained the position of the Commissioner in declining to permit a deductible loss because of the demolition of the old building.

Under the provisions of the lease, appellant's lessee, at its own expense, was obliged to replace the buildings demolished with a new office building which became the property of the appellant at the end of the term. While section 234(a) of the Revenue Act of 1918 permits the deduction of losses sustained during the taxable years, the appellant did not sustain a loss. Pelican Bay Lumber Co. v. Blair (C. C. A. 1929) 31 F.(2d) 15. The removal of the buildings was a part of the cost of acquiring the lease, and with it came the obligation of the tenant to pay the rent. The cost of acquiring an asset cannot be regarded as deductible as a loss or business expense for the year in which it is paid or incurred. Moreover, section 215(b) of the Revenue Act of 1918 provides that there may be no deduction for any amount paid out for new buildings or for permanent improvements or betterments to increase the value of any property or estate, and, as the asset acquired was a long-term lease, which provided an obligation to pay stipulated rentals and erect a new building in place of the building demolished, there may be no deduction allowed. There was necessarily contained in the lease permission on the part of the appellant to permit the lessee to destroy the old buildings. The acquisition of something from which income will be derived in the future has a value in money's worth in the same sense as something which will produce income in praesenti; there was a compensating value for the loss of the buildings which must be recognized as having money's worth. There was a substitution of assets rather than a loss sustained in the destruction of the buildings.

Order affirmed.