## SMITH REAL ESTATE CO. v. PAGE, Collector of Internal Revenue.

### No. 2786.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1933.

James F. Armstrong, of Providence, R. I. (Hinckley, Allen, Tillinghast, Phillips & Wheeler and Frederick W. Tillinghast, all of Providence, R. I., on the brief), for appellant.

Franklin F. Korell, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Henry M. Boss, Jr., U. S. Atty., of Providence, R. I., and E. Barrett Prettyman, Gen. Counsel, and Lester L. Gibson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before WILSON, MORTON, and ANDERSON, Circuit Judges.

MORTON, Circuit Judge.

This is an action to recover income and profits taxes alleged to have been erroneously collected for the years 1924 and 1925. The District Judge gave judgment for the defendant, and the plaintiff has appealed.

There is no dispute about the facts. At various dates between 1902 and 1922 the plaintiff bought several lots of land with buildings on them in the business section of Providence, R. I. In 1923 it leased some of these parcels for fifty years; the lessee being obligated to remove the buildings then on the land and erect new ones. In 1924 the plaintiff leased another parcel for 99 years under a similar lease. The buildings on the leased land were carried on the plaintiff's books at their cost less depreciation, the amount for all of them being about $104,000. The lessee tore down the buildings and put up new ones in accordance with the leases.

The plaintiff contends that the undepreciated values of the buildings torn down were deductible losses, for income tax purposes, in the years when the buildings were demolished. If this be so, the taxes in question were wrongly exacted. The Commissioner decided against the plaintiff's contention. The District Judge believed that as an original question the plaintiff's contention was right; but he felt that the weight of authority the other way was too strong for him to resist. See Anahma Realty Corp. v. Commissioner of Internal Revenue, 42 F.(2d) 128 (C. C. A. 2); Mary C. Young v. Commissioner of Internal Revenue, 59 F.(2d) 691 (C. C. A. 9); Spinks Realty Co. v. Commissioner of Internal Revenue, 61 App. D. C. 321, 62 F.(2d) 860; Bonwit Teller & Co. v. Commissioner, 53 F.(2d) 381, 82 A. L. R. 325 (C. C. A. 2). All these cases presented the same question now before us, and in each it was decided adversely to the plaintiff.

In the first two cases certiorari was applied for and denied. There are no contrary decisions, except perhaps earlier ones in the Board of Tax Appeals. The weight of authority is as the District Judge observed strongly against the plaintiff.

It would serve no useful purpose to restate the reasoning of these opinions. The correct conclusion depends, as it seems to us, on the facts in the particular case. If the existing buildings had become valueless at the time of the lease, it is probably false to the fact to say that the lessee paid, in any form or guise, compensation for them. Under such circumstances, the loss on the buildings had already occurred when the lease was made. It was not yet deductible for income tax purposes because no steps had been taken to fix it. But the transfer of the buildings to the lessee would have that effect, and would make the loss immediately deductible. On the other hand, if the buildings had value at the time of the lease, such value was surrendered to the lessee and was presumably compensated by the provisions in the leases.

This view is not inconsistent with the cases above cited. In the Young Case, supra, it is said: "The buildings demolished were not old. They had been in existence for a comparatively few years; they had depreciated from the original cost of $50,000 by the amount only of $7,785. * * * Each case is left to be judged by its own facts. * * * There can be no question that, where a landowner finds it necessary to remove structures unsuitable for further use, he may have a reduction from gross income for the loss. On the other hand, where he finds it advantageous to remove substantial buildings in order to secure a lease which will result in his having erected on his property a new building, without money outlay on his part for its construction, and to have assured a large rental income for a long term of years, it would seem just and reasonable that the value of the buildings removed be charged as a contribution to the cost of securing his lease, and as a part of the investment then made for that purpose. Under the Commissioner's ruling, the taxpayers will have returned to them the total of that value and the other expenses when the lease term is ended." (C. C. A.) 59 F.(2d) 691, 692. In the Anahma Case it is pointed out in the opinion that "the buildings were demolished as part of the plan to erect a new building on the entire plot. The long-term lease of the land with the rentals as stated was a valuable asset to take the place of the demolished buildings." (C. C. A.) 42 F.(2d) 128, 130. In the Spinks Case it is said that "prior to the expiration of the lease appellant could have secured renewals for a five-year term on a profitable basis." (C. C. A.) 62 F.(2d) 860, 861.

In all these cases it will be seen the courts were dealing with the demolition of buildings which appeared to have substantial value. Where such is the case, the Commissioner's method of dealing with the matter seems to us correct, i. e., to treat the loss on the buildings as an expense of the lease and distribute it through the term. In the case before us there is no express finding as to the actual value of the buildings which were torn down. The agreed statement says only that the new buildings "had a value at least equal to the value of the buildings destroyed. The financial return to the plaintiff, the lessor, from the new buildings erected on the site of those demolished was at least equal to the financial return from the old buildings." These are very guarded statements as to the cash value of the old buildings. That value is to be regarded from the point of view of the lessor. It devolves upon the appellant to show, not only that there was error in the Commissioner's method of assessment, but the amount of the error. Bonwit Teller & Co. v. Commissioner, supra. We cannot say on the facts before us that the old buildings were obsolete and valueless to the lessor at the time of the lease, although obviously they were so to the lessee. It follows that the judgment appealed from must be affirmed.

The judgment of the District Court is affirmed.