OPINION. Raum, Judge: The sole question for decision is whether the demolition of the Tivoli Theatre Building on or about May 1, 1950, resulted in a deductible loss to petitioner. There is no serious dispute between the parties as to the underlying facts. Petitioner acquired the fee interest in the property in March 1946. The building then had a remaining useful life of 20 years. After an attempt to use the building for the presentation first of legitimate performances and then of motion pictures, petitioner found that it was losing money. The district in which the property was located had deteriorated, and petitioner in 1947 closed the theatre without any intention of reopening it thereafter. On October 6, 1949, petitioner entered into an agreement in which it undertook to lease the property for a 25-year term beginning May 1, 1950, at an aggregate rental of $420,000, payable in specified monthly installments; in addition, the lessee was to pay real estate taxes and other charges levied against the property. The lease agreement contemplated that the lessee would remodel the building for use as a multi-story parking garage. However, the plans for conversion of the building were thereafter found unacceptable by the city and county authorities who insisted upon modifications that were so costly as to require that the entire project be abandoned. The lessee was then advised by an engineer that the building be demolished and the space thus released be used for surface parking. Such was the unhappy situation in which the lessee found himself in April 1950, prior to commencement of the term of the lease, and it was in the light of that situation that the petitioner and the lessee executed the letter agreement of April 24, 1950. That agreement provided for an option, upon payment of $25,000, to purchase the entire Tivoli property for $350,000, the option to be exercised within a specified time. The agreement also authorized the lessee, upon payment of the $25,000 (which could be applied against the lessee’s obligation for rent in the event that the option were not exercised) to demolish the theatre building. Petitioner expressly retained all rights under the lease agreement of October 6, 1949. It was pursuant to permission thus granted in the letter agreement of April 24, 1950, that the lessee, on or about May 1, 1950 (at the beginning of the term of his 25-year lease), demolished the building. Thereafter, he exercised the option to purchase the property. We hold that, in the circumstances of this case, petitioner did not suffer any loss by reason of demolition of the building. It is of course true that the destruction of a building may result in a deductible loss (cf. Parma Co., 18 B. T. A. 429; Dayton Co. v. Commissioner, 90 F. 2d 767 (C. A. 8)), and Treasury regulations have long recognized that such deduction may be available. Petitioner relies upon such regulations.[2] However, it has been firmly established that not every destruction of a building results in a deduction, since none is available where the taxpayer has not in fact sustained a loss by reason of the demolition. An example is furnished in the regulations, where one purchases real estate intending to raze an existing structure for the purpose of erecting another building on the site. In such circumstances the purchaser is not regarded as having in fact sustained any loss, and no deduction is allowable. But the situation thus described is not the only one in which the deduction is unavailable. See Commissioner v. Appleby’s Estate, 123 F. 2d 700, 702 (C. A. 2). And it has been disallowed in a variety of other circumstances, where no actual loss was suffered as a result of the demolition. Charles N. Manning, 7 B. T. A. 286; William Ward, 7 B. T. A. 1107; Oscar K. Eysenbach, 10 B. T. A. 716; Anahma Realty Corporation, 16 B. T. A. 749, affirmed, 42 F. 2d 128 (C. A. 2), certiorari denied, 282 U. S. 854; Mary C. Young, 20 B. T. A. 692, affirmed, 59 F. 2d 691 (C. A. 9), certiorari denied, 287 U. S. 652; Spinks Realty Co., 21 B. T. A. 674, affirmed, 62 F. 2d 860 (App. D. C.); Laurene Walker Berger, 7 T. C. 1339. We turn then to the facts of this case to inquire whether petitioner in fact sustained a loss by reason of the demolition. It must be kept in mind that when petitioner purchased the property in March 1946, the building had a remaining useful life of 20 years. By May 1, 1950, when the building was demolished, less than 16 years of useful life remained. Yet, at that time, when the building and improvements had an unrecovered cost of $132,284.42, the property was subject to a 25-year lease at an aggregate rental of $420,000. And in the agreement of April 24,1950, authorizing the lessee to demolish the building, petitioner expressly retained all its rights as lessor. The term of the lease extended substantially beyond the remaining useful life of the building, and since the lessee’s obligations under the lease were in no way curtailed upon removal of the building, we cannot conclude that petitioner in fact sustained any loss by reason of the demolition. Cf. Albert L. Rowan, 22 T. C. 865. Moreover, there are other factors in this case that preclude the allowance of the claimed deduction. Permission to demolish the theatre building was given to the lessee in the letter agreement of April 24, 1950. That agreement was one that looked primarily toward the sale of the property. Of course, there was no assurance at that time that the sale would go through, but the option was in fact exercised and the sale did in fact take place, as contemplated, although there were modifications in some of the details. In such circumstances the only loss allowable would be one at the time of sale equal to the excess, if any, of the adjusted basis over the sales price. See Oscar K. Eysenbach, 10 B. T. A. 716, 722. Finally, the deduction must be disallowed for the further reason that the removal of a building in connection with obtaining a lease on the property is regarded as part of the cost of obtaining the lease. Charles N. Manning, supra; Mary C. Young, supra; Spinks Realty Co., supra; Laurene Walker Berger, supra. To be sure, the demolition of the theatre building was not contemplated at the time of execution of the agreement of October 6,1949, but, prior to the commencement of the lease (May 1, 1950), it had become abundantly clear that the entire purpose of the lease would be defeated unless the building were demolished. And it was in recognition of this plain fact that the permission to remove the building was granted on April 24, 1950. The provision granting that permission was a modification of the original agreement, and the lease must be regarded as founded on both the October 6,1949, and April 24,1950, agreements. Indeed, the razing of the building may well have constituted a benefit rather than a detriment to petitioner. The evidence suggests that the building was obsolete or obsolescent, and the rather substantial cost of demolition was borne by the lessee. Here then was a situation where such a building was removed at the expense of the lessee who was about to begin a long-term lease under terms and conditions that appear to have been highly favorable to the lessor. From the lessor’s point of view the building was being replaced by an advantageous lease and therefore no deductible loss is allowable in accordance with the holdings in the cited cases that the unrecovered cost of the razed building is to be treated as part of the cost of the lease. The facts in this case are unusual, but from whatever point of view the problem is studied, we are led inevitably to the conclusion that petitioner did not in fact sustain a loss as a result of the destruction of the theatre building, and that to allow the claimed deduction here would be to give petitioner a windfall that Congress never intended. Decision will be entered wnder Bule 50. Regs. 111. Sec. 29.23 (e)-2. Voluntary Removal op Buildings. — Loss due to the voluntary removal or demolition of old buildings, the scrapping of old machinery, equipment, etc., Incident to renewals and replacements is deductible from gross income. When a taxpayer buys real estate upon which is located a building, which he proceeds to raze with a view to erecting thereon another building, it will be considered that the taxpayer has sustained no deductible loss by reason, of the demolition of the old building, and no deductible expense on account of the cost of such removal, the value of the real estate, exclusive of old improvements, being presumably equal to the purchase price of the land and building plus the cost of removing the useless building. iThe first sentence, upon which petitioner relies, is not literally applicable here, because the demolition was not “incident to renewals and1 replacements!.”