**SUPER MARKETS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 7251.**

United States District Court
N. D. New York.

May 16, 1961.

Harold E. Blodgett, Schenectady, N. Y., for plaintiff.

Justin J. Mahoney, U. S. Atty., Syracuse, N. Y. (Louis F. Oberdorfer, Asst. Atty. Gen., Lyle M. Turner, Jerome Fink, R. Michael Duncan, Attys., Dept. of Justice, Washington, D. C., of counsel), for defendant.

JAMES T. FOLEY, District Judge.

This suit for the recovery of income taxes alleged to have been erroneously and illegally collected from the plaintiff taxpayer presents a limited and narrow question. The case was tried to the Court but there is no real dispute as to the factual situation involved nor serious conflict as to the inferences to be drawn. Decision involves simply

the construction of particular terminology of Section 39.23(e)–2, Treasury Regulations 118, promulgated under the Internal Revenue Code of 1939, 26 U.S.C.A. § 23, in accord with the sense of its language and settled judicial rulings. The Section refers to the voluntary removal of buildings and the important phrase thereof to be applied to the admitted facts reads: " * * *. When a taxpayer buys real estate upon which is located a building, which he proceeds to raze with a view to erecting thereon another building, it will be considered that the taxpayer has sustained no deductible loss by reason of the demolition of the old building, and no deductible expense on account of the costs of such removal, the value of the real estate, exclusive of old improvements, being presumably equal to the purchase price of the land and building plus the cost of removing the useless building." It is these words of exclusion and presumption with their judicial interpretation as established that must be applied to the circumstances present to determine whether the demolition loss claimed by the plaintiff in its 1954 income tax return for demolition of a building in 1954 —purchased in 1950 to erect a food market—was improperly disallowed by the Commissioner as a deductible demolition loss for the year 1954.

The important facts may be summarized generally. The plaintiff operated a number of food markets in several area cities. In Schenectady it operated one at 1400 State Street, under an expired lease with month-to-month rental. Such store did not have adequate parking space. It decided, in 1950, to purchase property nearby for a new market, and it contracted to purchase contiguous property with buildings thereon at 1201 Albany Street, 1202 and 1204 State Street, Schnectady, N. Y. The sole property concerned in this action as the basis of the claimed demolition loss deduction is 1202 State Street. The contracts of purchase were consummated as to 1201 Albany Street and 1202 State Street, but a snag was encountered when the owner and vendor of 1204 State Street refused to fulfill its contract of purchase. An action for specific performance was commenced by the plaintiff, and a motion for summary judgment made but denied, and as a result the plaintiff did not obtain title to this property until 1959. When legal and court delay was apparent, other property on State Street was acquired in 1952 and a large super market built. The building at 1202 State Street, a large private residence, was never rented or used by the plaintiff in its business and became an economic burden, run-down because of vandalism. It was not demolished until 1954 to save local real estate taxes, and with the hope the vacant land without the deteriorated building would be more easily sold by the plaintiff.

It is under these facts that the plaintiff taxpayer, in the utmost good faith and honest conviction, contends that this unusual circumstance of an unwilling and litigious seller of a necessary parcel obstructing the intent to purchase and rebuild a complete market with adequate parking should remove it from the exclusion of the regulation not allowing deductible loss when real estate with a building thereon is purchased which the purchaser proceeds to raze with a view to erecting thereon another building. It argues there are vital differences in the facts here and I am willing to accept those differences as found facts. The point is made with reason, recognizing the impact of original intention in these situations, that circumstances beyond its control would not permit the property at 1202 State Street to be used in pursuit of the original intention. Also that the demolition of the building thereon in 1954 was not done as originally intended to build a super market, but was razed only to remove an economic, unsightly burden and save real estate taxes.

Granting all this to the plaintiff, the law is so solid, settled and circumspect where original intention is clear that, in my judgment, the plaintiff cannot prevail. The record unequivocally supports a finding that the intention was solely

to purchase the property to erect a new super market with little regard for price and no interest in the building thereon. Tr. 21, 32, 33, 38; deposition of Irving Dworsky, Defendant's Exhibit A, pgs. 20–22, 25, 33–34.

 It seems unqualified judicially that the intention at the time of purchase to demolish is the dominant, controlling factor in the application of the regulation, and such intent fixes the nature of the transaction. Liberty Baking Co. v. Heiner, 3 Cir., 37 F.2d 703; Providence Journal Co. v. Broderick, 1 Cir., 104 F.2d 614; Union Bed & Spring Co. v. Commissioner, 7 Cir., 39 F.2d 383.

The fact that subsequent events may cause abandonment of the original intention does not alter the conclusive effect to be rendered tax-wise under the regulation to the state of mind existent at the time of purchase. N. W. Ayer & Son, Inc. v. Commissioner, 17 T.C. 631; Lynchburg National Bank & Trust Co. v. Commissioner, 20 T.C. 670; Barrow Mfg. Co. v. Commissioner, decided March 15, 1960, 1960 P-H T.C., Mem-Dec., par. 60,038; Hillside National Bank v. Commissioner, 35 T.C. 98, decided March 10, 1961. The rationale seems to be that when one purchases land with intent to demolish a building thereon and erect a new one, no part of the price paid is allocable to the building since it is deemed the building has no value to the purchaser, and it is the land which is purchased and which has value. Such conculsion is supported by the record here.

I agree with the analysis of the government in its brief of Commissioner of Internal Revenue v. Appleby's Estate, 2 Cir., 123 F.2d 700, upon which the plaintiff places reliance. There Judge Swan extended the rule of exclusion in the regulation for demolition loss deduction to situations where the original intent to demolish and rebuild was not present at the time of purchase. The type claim made by the plaintiff was disallowed in that authority and the rule of capitalization and amortization decreed. Judge Swan did not disown the original intent

theory but characterized it as one to be applied in the common situation, namely, purchase of improved real estate with intent to raze the old improvements and rebuild. See Biscow v. United States, D.C., 139 F.Supp. 775; RKO Theatres, Inc. v. United States, 163 F.Supp. 598, 143 Ct.Cl. 39; Milliken v. Commissioner, 2 Cir., 196 F.2d 135, 139, note 6, 36 A.L.R.2d 1385. It is true that the search for intent at time of purchase is a microscopic area with no regard for subsequent equitable factors and based upon the ephemeral standard of intent at time of purchase, but that seems to be the law as I find it.

My findings of fact are contained herein but, to emphasize, my primary finding is that the plaintiff purchased the real estate in question with a view to erecting thereon another building.

My conclusion is that the plaintiff is not entitled to recover, the complaint is dismissed on the merits, and a judgment to such effect shall enter for the defendant. See Matteson v. United States of America, 2 Cir., 240 F.2d 517; United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721.

It is so ordered.