Herman **LANDERMAN** et al., Petitioners-
Appellants,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE,** Respondent-Appellee.

No. 18905.

United States Court of Appeals,
Seventh Circuit.

Dec. 29, 1971.

Karl Schelly, Chicago, Ill., for peti-
tioners-appellants.

Johnnie M. Walters, Asst. Atty. Gen.,
Tax Div., Gary R. Allen, Meyer Roth-
wacks, Leonard J. Henzke, Jr., Attys.,
Tax Div., Dept. of Justice, Washington,
D. C., for respondent-appellee.

Before KILEY and FAIRCHILD, Cir-
cuit Judges, and CAMPBELL, Senior
District Judge.*

* Senior District Judge Campbell of the Northern District of Illinois is sitting by designation.

CAMPBELL, Senior District Judge.

The only issue presented herein is whether the petitioners, who are the sole partners in the Hill And Eighth Streets Building Partnership, are entitled to a loss deduction pursuant to § 165(a) [1] of the Internal Revenue Code by virtue of the demolition by a lessee of a building (including the disposal of its contents) owned by the partnership.

■ The principal assets of the partnership consisted of a building and land located at Hill and Eighth Streets in Los Angeles, California, and the furniture, fixtures and equipment contained therein. In the spring of 1964, after the partnership had received notice from its principal tenant of its intention to terminate its lease, a representative of the partnership entered into negotiations with a prospective lessee, the Hill-Olive Corporation. These negotiations contemplated prompt demolition of the existing structure and the erection of a multi-story parking garage on the site. Proposed rental terms were discussed in the context of whether the lessor or the lessee would carry the responsibility for demolition. In its findings of fact the Tax Court, 54 T.C. 1042, determined that the demolition of the existing building and the disposal of its contents were integral elements of the bargaining between the parties and were at all times considered by them as underlying conditions of the lease.

On September 30, 1964, the partnership and the Hill-Olive Corporation entered into a lease for the entire building and land located at Hill and Eighth Streets. The duration of the lease was to be for approximately fifty-five years and provisions were made for a rental of over two million dollars for the first thirty years of the lease. Paragraph Three of the lease, designated as Right To Build Improvements, provided that the lessee should have the right, but not the obligation, to demolish and remove from the premises the existing structures and improvements and to construct and erect on the premises such other buildings, structures or improvements as the lessee might elect. In the event of a demolition, the lessee was to bear all costs and expenses. In May of 1965 the lessee commenced demolition of the Hill and Eighth Street Building. A multistory parking garage and a branch bank were constructed on the cleared site at a cost of approximately two-and-a-half million dollars.

Prior to demolition the partnership had been depreciating the building over a twenty year useful life. In 1965 the partnership claimed a deduction by virtue of the demolition of the entire unrecovered cost basis of the building as well as of the furniture and equipment contained therein. The Commissioner disallowed the deduction permitting instead depreciation through April 30th, 1965 and requiring the balance of the cost basis to be amortized over the then remaining term of the lease. The Tax Court, in a well-reasoned comprehensive opinion, sustained the Commissioner's determination. We affirm.

Contending that they are entitled to a loss deduction under § 165, the petitioners rely on the language of a Treasury regulation promulgated thereunder which generally permits such a deduction except where "a lessor or lessee of real property demolished the building situated thereon pursuant to the requirements of a lease or the requirements of an agreement which resulted in a lease." [2] The deduction is proper here,

---

1. "§ 165. Losses.
   "(a) General Rule—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise."

2. Subparagraph (b)(1) states:

"Except as provided in subparagraph 2 of this paragraph, the loss incurred in a trade or business or in a transaction entered into for profit and arising from a demolition of old buildings shall be allowed as a deduction under § 165(a) if the demolition occurs as a result of a

it is claimed, because the lease instrument permitted the lessee to raze and replace the existing structure, as it was contemplated that it would do, but it did not obligate the lessee to do so. The petitioners submit that the word "requirement" which appears in the regulation should not be read as encompassing the mere right to demolish. In support of their position the petitioners rely on Feldman v. Wood, 335 F.2d 264 (9th Cir. 1964), which held, in effect, that unless the demolition was pursuant to requirements expressly set forth in a lease, the loss sustained must be allowed. In *Feldman* the Ninth Circuit placed a narrow construction on the term "requirement", stating that "a right to do and act is far different from a requirement to do it." 335 F.2d 264, 265. Although we agree that *Feldman* is supportive of the petitioners' contention, for the reasons set forth below we respectfully decline to adopt either its rationale or its conclusion.

Initially, we observe nothing in the meaning of the word requirement itself which compels the narrow construction placed upon it by the Ninth Circuit. "Requirement" is defined as "something required, wanted, needed, called for or demanded; a requisite or essential condition." See Webster's Third New International Dictionary (Unabridged). Since the definition includes something which is wanted, needed or called for, only a restrictive interpretation of the word requirement would demand the presence of a formal mandatory undertaking.

Nor do we find that the history of the pertinent regulations promulgated under § 165 mandate the result achieved in *Feldman*. As the opinion of the Tax Court reflects both Regulation 118 (which applied to the Internal Revenue Code of 1939) and the regulations initially proposed under the 1954 Code, § 1.165(1)(b) Proposed Income Tax Regulations, were silent as to demolition losses within the context of a lease. New regulations proposed in 1959 provided that upon a demolition "pursuant to the terms of a lease", no loss deduction would be allowed but the adjusted basis of the demolished building could be amortized over the term of the lease. See § 1.165(3)(d) Proposed Income Tax Regulations, 24 Federal Register 8177, 8180 (1959). In the regulation finally promulgated the phrase "pursuant to the terms of a lease" became "pursuant to the requirements of a lease or the requirements of an agreement which resulted in a lease." See 25 Federal Register 381, 383 (1960).

■ The early cases construing § 165 and the prior regulations uniformly disallowed loss deductions under circumstances similar to those here.[3] The

---

plan formulated subsequent to the acquisition of the building demolished."

Subparagraph (b)(2) states:

"If a lessor or lessee of real property demolishes the building situated thereon pursuant to the requirements of a lease or the requirements of an agreement which resulted in a lease, no deduction shall be allowed to the lessor under § 165(a) on account of the demolition of the old building."

"However, the adjusted basis of the demolished buildings, increased by the net cost of demolition or decreased by the net proceeds from demolition, shall be considered as a part of the cost of the lease to be amortized over the term thereof." Income Tax Reg. § 1.165–3(b)(1), (b) (2).

3. See Nickoll's Estate v. Commissioner of Internal Revenue, 282 F.2d 895 (7th Cir. 1960); Blumenfeld Enterprises, Inc. v. Commissioner of Internal Revenue, 232 F.2d 396 (9th Cir. 1956), affirming 23 TC 665 (1955); and Anahma Realty Corp. v. Commissioner of Internal Revenue, 42 F.2d 128 (2nd Cir. 1930), cert. denied, Anahma Realty Corp. v. Burnet, 282 U.S. 854, 51 S.Ct. 31, 75 L.Ed. 756 (1930); Manning v. Commissioner of Internal Revenue, 7 BTA 286 (1927); Eysenbach v. Commissioner of Internal Revenue, 10 BTA 716 (1928); Spinks Realty Co. v. Burnet, 61 App.D.C. 321, 62 F.2d 860 (1932); Smith Real Estate Co. v. Page, 67 F.2d 462 (1st Cir. 1933); Dana v. Commissioner of Internal Revenue, 30 BTA 83 (1934); Continental Illinois Bank & Trust Co. v. United States, 18 F.Supp. 229, 84 Ct.Cl. 405 (1937).

principal focus of those decisions involved an inquiry into the financial implications of each factual situation. Against the background of these cases and the evolution of the regulations it appears to us that the present regulation was designed to narrow, but not alter, the focal point of determination to the contemplation and bargaining stances of the parties at the time the lease arrangements were made. In so doing, the vexatious problem of assessing the economic ramifications of demolitions by a lessee *at a later period* of the lease would be obviated. In this context the replacement of the word "terms" with the word "requirements" becomes meaningful, since an optional demolition near the end of the lease would still be pursuant to its "terms".

In our judgment, the deductibility of a loss under the final regulation is dependent upon whether the parties to the lease intended to raze the existing structure at the time the lease was consummated. If, as here, this is the clear intention of the parties, the demolition falls within the "requirements" of the lease and no loss deduction under Section 165 can be allowed.

There are other reasons, too, why we must decline to follow *Feldman*. Indeed, the first case to consider the regulation disputed here was this Circuit's decision in Nickoll's Estate v. Commissioner of Internal Revenue, 282 F.2d 895 (7th Cir. 1960). There the taxpayer's lessee demolished part of the building on the premises pursuant to the terms of a long term lease. Judge Hastings, writing for the court, in his excellent opinion stated that "The old building was substantially demolished as a necessary condition precedent to the execution of a remunerative lease under which taxpayers became the owner of a remodeled building. The value of the old building which was partially demolished is properly charged as a cost of acquiring valuable lease rights and is to be amortized over the life of the lease." 282 F.2d 895 at 897. The petitioners would distinguish Nickoll's Estate on the narrow ground that

there the lease required, rather than permitted, the lessee to effect the demolition. We can see no true basis of distinction, however, since the theory upon which the deduction's disallowance rests is equally applicable whether the lessee is permitted to raze the building or whether he is obligated to do so. In either case the taxpayer has incurred no actual uncompensated loss but has rather foregone his right to retain the property in its existing state in return for acquiring valuable lease rights. Examples of benefits which might accrue to a lessor from such a demolition include the lessor's right to larger rental payments, his acquisition of a lump sum payment from the lessee, the substitution of a more valuable building by a lessee, or the lessee's payment of demolition costs otherwise payable by the lessor. The latter two advantages are present in the case before us. *Feldman* attempted to avoid the impact of these economic considerations with the assertion that under the regulation whether the demolition is economically advantageous or disadvantageous to the taxpayer is irrelevant. Since Section 165 limits permissible deductions to losses "uncompensated by insurance or otherwise," we cannot agree that this consideration is entirely irrelevant.

Also of significance in our disposition of this case is the basic maxim of federal tax law that taxpayers are not entitled to deductions unless they bring themselves within the applicable statutory provision. See United States v. Olympic Radio and Television, 349 U.S. 232, 235, 75 S.Ct. 733, 99 L.Ed. 1024 (1955); New Colonial Ice Company v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348 (1934). Irrespective of the construction given Treasury Regulation 1.165–3(b) (2), the petitioners in this case have incurred no uncompensated loss by reason of the demolition. Section 165 of the Internal Revenue Code authorizes deductions solely for uncompensated losses. The construction of the regulation advanced here by the taxpayer would not comport with the clear

meaning of this statute. Even assuming *arguendo* that the language of the regulation is sufficiently ambiguous to support constructions which are both consistent and inconsistent with the statute, it is the consistent construction which must be preferred for a regulation not consistent with the statute would, of course, be void. Koshland v. Helvering, 298 U.S. 441, 446–447, 56 S.Ct. 767, 80 L.Ed. 1268 (1936); United States v. Korpan, 237 F.2d 676, 682 (7th Cir. 1956). The taxpayers' construction would conflict with the statute and must, therefore, be rejected.

Under the circumstances present here we hold that the demolition was "pursuant to the requirements of the lease" and, therefore, the petitioners were not entitled to a loss deduction under Section 165 of the Internal Revenue Code of 1954. Accordingly we affirm the decision of the United States Tax Court.

Affirmed.