**Rossell M. HIGHTOWER, Individually and as Executrix of the Estate of Robert B. Hightower, Deceased, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 71-2170.**

United States Court of Appeals, Fifth Circuit.

June 14, 1972.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Tax Division, Dept. of Justice, Washington, D. C., Aaron K. Bowden, Asst. U. S. Atty.,

Jacksonville, Fla., Elmer J. Kelsey, Atty., Dept. of Justice, Tax Div., Daniel B. Rosenbaum, Donald H. Olson, Attys. N. L. R. B., Washington, D. C., for defendant-appellant.

William R. Frazier, Jacksonville, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

**PER CURIAM:**

This case presents the single legal issue of whether or not the taxpayers are entitled to a deductible loss for federal income tax purposes under § 165 of the Internal Revenue Code for the demolition of three buildings owned by them in 1964. The buildings were demolished by a tenant of the taxpayers under a 99-year lease, which permitted the tenant to destroy the buildings, but did not require their destruction. The lease did not require replacement of the buildings or any other compensation to the taxpayers for the destroyed buildings, the rent being the same before and after destruction.[1]

This is the first time this question has been presented to this Circuit. In 1964 the Ninth Circuit decided the issue in favor of the taxpayer. Feldman v. Wood, 335 F.2d 264 (9th Cir. 1964). Recently the Seventh Circuit decided the issue in favor of the government. Landerman v. Commissioner of Internal Revenue, 454 F.2d 338 (7th Cir. 1971). More recently the Eighth Circuit in a split decision has followed *Landerman* and decided the issue in favor of the government in Foltz v. United States, 458 F.2d 600 (8th Cir. 1972). We affirm District Judge William A. McRae's reliance on the *Feldman* case for the reasons stated in his opinion and in the *Feldman* opinion itself. Hightower v.

---

1. The lease provided as follows:
   "The lessee, at the time of the commencement of the term hereof, shall have the right to demolish any and all structures or improvements presently located on the herein demised premises, which demolition shall be accomplished at the sole cost of the lessee, the lessee shall not be obligated to pay the lessors any sum or other considerations other than the payment of rent as hereinabove specified in, to, or concerning the demolition of said improvements."

United States, 346 F.Supp. 707 (M.D. Fla.1971).

We consider the rationale in the *Feldman* case and the dissent in the *Foltz* case to be more persuasive than the difficult reasoning in the *Landerman* case. The regulations are clear and not inconsistent with the Code.[2] The taxpayers were entitled to rely on them.

This decision is not inconsistent with our holding in Holder v. United States, 444 F.2d 1297 (5th Cir. 1971). There we held that the taxpayer was not entitled to a loss because the lease required the tenant to replace the demolished building with other buildings meeting certain specifications and value. Thus "they were compensated for their loss by the lessee's contractual duty to construct other improvements to be delivered to taxpayers at the termination of the lease." (p. 1300). There is no such contractual duty under the Hightower lease.

Affirmed.

---

**2.** Section 165 of the Internal Revenue Code of 1954 and U.S.Treasury Reg., § 1.165–3 (b) (1) and (2):

"SEC. 165. LOSSES.
(Sec. 165(a))

(a) General Rule.—There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. Source: Sec. 23(f), 1939 Code, substantially unchanged.
(Sec. 165(b))

(b) Amount of Deduction.—For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjudged basis provided in section 1011 for determining the loss from the sale or other disposition of property. Source: Sec. 23(i), 1939 Code, substantially unchanged.

"§ 1.165–3. Demolition of buildings.

(a) *Intent to demolish formed at time of purchase.* (1) Except as provided in subparagraph (2) of this paragraph, the following rule shall apply when, in the course of a trade or business or in a transaction entered into for profit, real property is purchased with the intention of demolishing either immediately or subsequently the buildings situated thereon: No deduction shall be allowed under section 165(a) on account of the demolition of the old buildings even though any demolition originally planned is subsequently deferred or abandoned. The entire basis of the property so purchased shall, notwithstanding the provisions of § 1.167(a)–5, be allocated to the land only. Such basis shall be increased by the net cost of demolition or decreased by the net proceeds from demolition.

\* \* \* \* \* \*

(b) *Intent to demolish formed subsequent to the time of acquisition.* (1) Except as provided in subparagraph (2) of this paragraph, the loss incurred in a trade or business or in a transaction entered into for profit and arising from a demolition of old buildings shall be allowed as a deduction under section 165(a) if the demolition occurs as a result of a plan formed subsequent to the acquisition of the buildings demolished. The amount of the loss shall be the adjusted basis of the buildings demolished increased by the net cost of demolition or decreased by the net proceeds from demolition. See paragraph (c) of § 1.165–1 relating to amount deductible under section 165. The basis of any building acquired in replacement of the old buildings shall not include any part of the basis of the property demolished.

(2) If a lessor or lessee of real property demolishes the buildings situated thereon pursuant to the requirements of a lease or the requirements of an agreement which resulted in a lease, no deduction shall be allowed to the lessor under section 165(a) on account of the demolition of the old buildings. However the adjusted basis of the demolished buildings, increased by the net cost of demolition or decreased by the net proceeds from demolition, shall be considered as a part of the cost of the lease to be amortized over the term thereof."