OPINION. Rice, Judgej; The sole issue we must decide is the amount of loss to which the petitioner is entitled in its 1946 income tax return for the sale of the property acquired by the Partnership in 1920. This is dependent upon the basis which the land had in the hands of petitioner at the time of its sale in 1946. Petitioner maintains that this basis was the cost of the property ($150,000) less any depreciation allowed up to 1933 ($11,723.77). The respondent argues that this basis was $80,500. The difference between this figure and the $150,000 originally paid for the property, respondent allocates to the buildings on the property at the time of the purchase. Such amount respondent argues should have been used up in the years 1920 to 1933, inclusive, by means of depreciation and demolition loss sustained on the buildings in 1933. The petitioner has agreed that if an allocation is proper in this case the correct allocation is that set forth by the respondent. Respondent’s position therefore is that petitioner’s loss with respect to the buildings occurred in 1933 when the buildings were demolished and not in 1946 when the lands on which the buildings had been located were sold. Section 23 (f) of the Internal Revenue Code provides as follows: SBC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: ******* (f) Losses bx Corporations. — In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise. Regulations 111, section 29.23 (e)-2 provides: Voluntary Removal of Buildings. — Loss due to the voluntary removal or demolition of old buildings, the scrapping of old machinery, equipment, etc., incident to renewals and replacements is deductible from gross income. When a taxpayer buys real estate upon which is located a building, which he proceeds to raze with a view to erecting thereon another building, it will be com sidered that the taxpayer has. sustained no deductible loss by reason of the demolition of the old building, and no deductible expense on account of the cost of such removal, the value of the real estate, exclusive of the old improvements, being presumably equal to the purchase price of the land and building plus the cost of removing the useless building. Cases involving the interpretation of this Code provision and the regulation promulgated thereunder look to the intent of the purchaser at the time of the purchase. If the property is bought with the intent to raze the buildings situated thereon and erect a new building, no deduction is allowed at the time of demolition. Liberty Baking Co. v. Heiner (C. A. 3, 1930), 37 F. 2d 703; Providence Journal Co. v. Broderick (C. A. 1, 1939), 104 F. 2d 614; Robert B. Griffin, 17 B. T. A. 255 (1929); and Lansburgh & Brother, Inc., 23 B. T. A. 66 (1931). The fact that a certain value was placed on the buildings at the time of the purchase, that rent was collected, and depreciation claimed has been held to be immaterial where at the time of purchase the intent was to demolish the buildings. Providence Journal Co. v. Broderick, supra. The rationale of such cases is that where there is a purchase of land with the intent to demolish any building situated thereon and erect a new one, no part of the price paid is allocable to the buildings since the buildings have no value to the purchaser and it is the land which is purchased, not the land and buildings. The purchase price, therefore, represents the cost of the land. This same situation exists in the instant case. Petitioner’s predecessor Partnership purchased the property solely with the intention of erecting a new building thereon. The buildings already on the premises were wholly inadequate for the use of the Partnership. Therefore, the $150,000 paid for the property was the cost to the Partnership of the land. The buildings were incidental. A subsequent abandonment of intention because of the gradual shift in the business center away from that locality is immaterial under such circumstances. The intent of the taxpayer on the date of purchase is, therefore, the determinative factor under the court decisions. Such intent to demolish and erect a new building causes a taxpayer to come within the exception contained in the regulation. If he comes within the exception, he sustains' no deductible loss in the year of demolishment but acquires a basis in the land equal to the purchase price of the entire property, less depreciation allowed. Since, in this case, the intent of the Partnership brought it within the exception, thus fixing the basis of the land, and since the petitioner transferee took the basis of the assets transferred to it by the Partnership transferor, it follows that petitioner must be treated with respect to the basis of the land as if it were the Partnership. ■ The $150,000 represented the cost of the land when purchased. The $25,000.50 represented the money received by petitioner upon sale of such land. Therefore the loss which it suffered upon the’sale was the difference between the initial cost and the selling price less depreciation already claimed. Decision will be entered under Bule 50.