PANHANDLE STATE BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90606. Filed February 14, 1963.

*Wentworth T. Durant, Esq., Leslie C. Hackler, Jr., Esq.,* and *George S. Atkinson, Esq.,* for the petitioner.

*Roy E. Graham, Esq.,* for the respondent.

OPINION.

BLACK, *Judge:* Petitioner claims a deduction in the year 1957 in the amount of $12,133.89 as a loss due to the demolition of a building in that year. Such amount represents the undepreciated cost of said building at that time, less amount received for salvage. Petitioner had purchased a piece of property in 1952 with a building situated thereon. Of the purchase price of $40,000, $25,500 was allocated to the building and the remainder was allocated to the land. From the date of purchase to the date of demolition, petitioner made improvements and repairs to the building totaling $5,689.43 and deducted $18,955.54 as depreciation.

Respondent contends that petitioner intended ultimately to demolish the building acquired in 1952 at the time of purchase and that accordingly no part of the purchase price should have been allocated to the building and hence petitioner has incurred no deductible loss. Respondent's counsel correctly stated, we think, in his opening statement at the hearing that:

the overwhelming majority of the courts have held that if property is purchased with the intention of demolishing the buildings thereon, either immediately or in the future, the entire cost of the property is allocated to the land and no allocation can be made to the buildings for depreciation, and no loss occurs when the buildings are ultimately demolished.

In *Lynchburg National Bank & Trust Co.*, 20 T.C. 670, we said at pages 673, 674:

Where, as here, there is a purchase of land with the intent to demolish a building situated thereon and erect a new one, no part of the price paid is allocable to the building, since it is deemed that the building has no value to the purchaser and it is the land which is purchased and which alone has value. The entire purchase price, therefore, represents the cost of the land and becomes the purchaser's basis. *N. W. Ayer & Son, Inc.*, 17 T.C. 631. The fact that a certain value was placed on the building at the time of purchase, that the buildings were rented and rent collected, and depreciation claimed is deemed immaterial. The original intention is the determining factor. * * *

We were affirmed in that case, 208 F. 2d 757 (C.A. 4, 1953).

The intent of the purchaser at the time of purchase, therefore, is of controlling importance. If, at the date of purchase, there was no intent to demolish the building, an allocation of purchase price between the building and the land is proper and the loss incurred in the subsequent demolition of the building is an allowable loss. *Jack M. Chesbro*, 21 T.C. 123 (1953), affirmed per curiam 225 F. 2d 674 (1955), certiorari denied 350 U.S. 995 (1956). If a change in circum-

stances makes the building unsuitable for its intended use the purchaser is entitled to a demolition loss in the year of demolition equal to the adjusted basis of the building decreased by the net proceeds of salvage, cf. *William Heyman*, 6 T.C. 799 (1946), and Income Tax Regs., sec. 1.165-3(b).

We have carefully considered all the evidence in this proceeding and it seems reasonably clear to us that when petitioner purchased the property in question it had no intention to demolish the building which was on the land and use the land as a site for its bank building. When it purchased the property it intended to use the building for banking purposes but not to erect a new bank building thereon. It contemplated the connection of its main bank building with the building purchased by means of a tunnel, after making certain improvements. However, upon investigation it found that the plan to connect the two buildings with a tunnel was not feasible and the idea was abandoned. In 1957 it was decided to demolish the building and it was done.

We think, under the facts and circumstances stated in our Findings of Fact, that the petitioner is entitled to deduct the loss which it claims and we so hold.

*Decision will be entered for the petitioner.*