**The MONTGOMERY CO., Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REV-ENUE, Respondent.**

**No. 15488.**

United States Court of Appeals Sixth Circuit.

April 28, 1964.

D. Paul Alagia, Jr., Louisville, Ky., for petitioner, J. Bernard Brown, Brown & Alagia, Louisville, Ky., on the brief.

Jonathan S. Cohen, Dept. of Justice, Washington, D. C., for respondent, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before WEICK, Chief Judge, and MILLER and CECIL, Circuit Judges.

PER CURIAM.

This action, seeking a redetermination by the Tax Court of a deficiency in income taxes, involves the disallowance by the Commissioner of a deduction claimed by the taxpayer by reason of the demolition of buildings in 1955 on property purchased by the taxpayer in May 1953.

The facts in detail, together with the opinion of the Tax Court upholding the Commissioner, are set out in P.H.1963 T.C. Memo Dec., par. 63,104, pages 541–547, to which reference is made. The following basic facts are sufficient for our present purposes.

On May 15, 1953, the taxpayer, The Montgomery Co., purchased a tract of land with three buildings thereon, known as 411 S. Second Street, Louisville, Kentucky, for $27,680.50. The real estate agent who handled the sale advised taxpayer's president as to the cost allocation that should be assigned to the land and to the building.

On July 16, 1953, the taxpayer leased the property together with other property in the area for a term of five years to its subsidiary, Montgomery Chevrolet, Inc., a dealer in new and used automobiles.

The property herein involved was approximately 50 feet wide and 100 feet deep. The three buildings were approximately 80 feet deep, connected by common brick walls, with a total width of approximately 50 feet. Two of the buildings contained upper floors which were utilized for residential purposes. These buildings were approximately 60 years old. The remaining building was approximately 25 years old. The ground floor of the buildings was a commercial business location.

In August 1955, at the request of the lessee, Montgomery Chevrolet, Inc., the lessee was permitted to demolish the buildings at the expense of the lessee, due to the great need of the lessee for a parking lot and its used car operations.

In its Federal income tax return for 1955 the taxpayer deducted $13,916.45 as a loss from the demolition of the building.

The Commissioner disallowed the loss as not allowable under the provisions of Section 165 of the Internal Revenue Code of 1954. The Tax Court sustained the Commissioner.

█ The parties are in agreement about the applicable law. The intent of the purchaser at the time of purchase is of controlling importance. If, at the date of purchase, there was no intent to demolish the buildings, an allocation of the purchase price between the buildings and the land is proper and the loss incurred in the subsequent demolition of the buildings is an allowable loss. However, if the property is bought with the intent to raze the buildings situated thereon and erect a new building, no deduction is allowed at the time of demolition. Panhandle State Bank v. Commissioner, 39 T.C. 813; Providence Journal Co. v. Broderick, 104 F.2d 614, C.A. 1st.

The Tax Court agreed with the contention of the Commissioner that the taxpayer's intention at the time of acquisition was to demolish the buildings; that the motivation in acquiring the property was the utilization of the buildings for whatever interim purposes might be most advantageous, but with the purpose of utilizing the land for additional used car display area which it was anticipated that future circumstances would warrant.

██ The intention of the taxpayer was a question of fact for determination by the Tax Court, which finding must be accepted on this review unless clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218; Crown Iron Works Co. v. Commissioner, 245 F.2d 357, 360, C.A. 8th. Although there are certain facts in the overall picture from which a reasonable inference could be drawn that the taxpayer at the time of purchase had no intention of demolishing the buildings, as urged upon us by the taxpayer, there are other facts, as pointed out in the opinion of the Tax Court, equally persuasive, particularly the resolution of the corporate taxpayer authorizing the purchase of the property, that fully justify the finding of the Tax Court that it was

the intention of the taxpayer, at some time in the future when conditions made it appropriate or advantageous to do so, to demolish the buildings. N. W. Ayer & Son, Inc. v. Commissioner, 17 T.C. 631; Liberty Baking Co. v. Heiner, 37 F.2d 703, C.A. 3rd.

The decision of the Tax Court is affirmed.